### In re LIPPHART.

(District Court, S. D. New York. October 4, 1912.)

1. BANKRUPTCY (§ 14*)—JURISDICTION OF PROCEEDINGS—"PLACE OF BUSINESS."
    An employé of a large express company at a salary of $23 per week as rate clerk and attorney in fact, authorized to indorse all bank paper, such as bills of lading and consular invoices, and to sign custom house clearances, has no "place of business," within Bankr. Act July 1, 1898, c. 541, § 2, 30 Stat. 545, 546 (U. S. Comp. St. 1901, p. 3420), giving the District Court jurisdiction to adjudge persons bankrupt who have had their principal place of business within their respective territorial jurisdiction for the preceding six months, or the greater portion thereof.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. § 14.*
    For other definitions, see Words and Phrases, vol. 6, pp. 5390–5392.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 14*)—JURISDICTION OF PROCEEDINGS—RESIDENCE AND DOMICILE.

One who went from New York to acquire a residence in New Jersey which would justify him in bringing an action for divorce relinquished both his residence and domicile in New York within Bankr. Act July 1, 1898, c. 541, § 2, 30 Stat. 545, 546 (U. S. Comp. St. 1901, p. 3420), giving the District Courts jurisdiction over persons who have resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. § 14.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In the matter of Henry H. Lipphart, bankrupt. Heard on motions by the creditor to vacate the order of adjudication and for dismissal of the petition in bankruptcy on the ground of no jurisdiction, and by the bankrupt to amend his voluntary petition. Motion to vacate granted, and motion to amend denied.

Edward Endelman, of New York City, for creditor.
Emanuel M. Kaiser, of New York City, for bankrupt.

MAYER, District Judge. Upon the same state of facts two motions have been made—(1) by the creditor to vacate the order of adjudication herein and for a dismissal of the petition in bankruptcy on the ground of no jurisdiction; and (2) by the bankrupt to amend his voluntary petition by adding the allegation "and has also had his domicile for said period" within the Southern District of New York.

The bankrupt is, and has been for the past 10 years, an employé of a large express company, at a salary of $23 per week, in the capacity of a rate clerk and as attorney in fact, authorized to indorse all bank paper, such as bills of lading and consular invoices, and to sign custom house clearances for the company. He was born in the city of New York, where he resided for about 30 years until on April 1, 1908, he moved to the state of New Jersey. He contemplated bringing an action for divorce against his wife on the ground of desertion, and his purpose in moving was to secure the residence necessary to the jurisdiction of the courts of New Jersey in such an action. In April, 1911, however, he secured a decree of divorce against his wife in the state of New York; the sole ground of jurisdiction being that the marriage had taken place in the state of New York. From April, 1911, until June 25, 1912, the date of the filing of the voluntary petition, the bankrupt continued to live in New Jersey. He claims that it was his intention to return to New York, but that he was unable so to do on account of the illness of his mother, who lived with him. The jurisdiction of this court was invoked in his petition by the allegation that he had "his principal place of business" for the statutory period at 65 Broadway, New York City.

[1] The first question to be determined is whether a person employed as is and was this bankrupt has a place of business within the meaning of the Bankruptcy Law. Section 2 invests the District Courts

with jurisdiction to "adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof. * * *" While there is not any uniform rule of conduct, it may be said that people generally contract their debts where they live, or where they do business. The debts contracted at the place of residence or domicile are usually of a personal character having to do with purchases for personal use or the household, and ordinarily a person living in one place and employed in another does not contract debts in the locality where he is employed.

It seems to me that it was intended, among other things, by the' Bankruptcy Law that these proceedings should, as far as practicable, be carried on in the jurisdiction most convenient to all concerned. The debts of a clerk on a small salary would most likely be owing to the tradesmen doing business in the place where he lived. I think that a clerk, or, for that matter, the general run of employés, cannot be said to be in business or to have a place of business. It seems to me that "place of business" mean a place where a man is conducting a business of his own in which he is a principal. I am inclined to think that the statute contemplated "place of business" as applying only to those who have a business of their own, but in this case it is only necessary to decide that a clerk, such as this bankrupt, did not have a place of business anywhere, and therefore he should have filed his petition at the place where he resided or had his domicile. In re Kinsman, Fed. Cas. No. 7832; In re Magie, Fed. Cas. No. 8951.

In support of the bankrupt's contention, In re Baily, Fed. Cas. No. 753 and In re Belcher, Fed. Cas. No. 1237, are cited. In the former case, under the statute then in force, it may be said that the bankrupt carried on business. I do not follow the latter case, and am inclined to think that the learned judge confirmed the report of the register upon the theory that a great hardship might be visited upon creditors if not confirmed.

[2] The second question involved is whether the bankrupt has shown that his domicile was in the city of New York so as to entitle him to an amendment of his petition. The statutes and the courts have made some distinctions between residence and domicile, and the subject is interestingly discussed in Brisenden v. Chamberlain (C. C.) 53 Fed. 307, and In re H. D. Berner, 3 Am. Bankr. Rep. 325; but in the case at bar the bankrupt has lost both his residence and his domicile in the state of New York. When he left the city of New York to acquire a residence in New Jersey which would justify him in bringing an action for divorce, he relinquished both his residence and his domicile in the state of New York. Upon the ground of public policy, as well as upon the facts of this particular case, the bankrupt should not be permitted to invoke the aid of the courts of New Jersey to secure a divorce and at the same time seek the jurisdiction of this court to be relieved of his debts.

The motion to vacate is granted, and the motion to amend is denied.