### In re TENNESSEE CONST. CO.

(District Court, S. D. New York. August 2, 1913.)

1. BANKRUPTCY (§ 16*)—JURISDICTION—PRINCIPAL PLACE OF BUSINESS OF CORPORATION.

In determining in what jurisdiction the principal place of business of a bankrupt corporation is located, doubt should be resolved in favor of that jurisdiction where it obtained its corporate existence, and where it is usually required to maintain an office.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. § 16.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 16*)—JURISDICTION—PRINCIPAL PLACE OF BUSINESS OF CORPORATION.

  Where the assets and most of the creditors of a corporation, organized under the Laws of Missouri and required to maintain a general office there, were in that state, and the principal business transacted by it in New York during the last six months was trying to work out a reorganization, it not having been in active business for some time, its principal place of business was not in New York, and the court in New York will not assume jurisdiction to declare it bankrupt.

  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. § 16.*]

3. EVIDENCE (§ 73*)—PRESUMPTIONS—CORPORATIONS—COMPLIANCE WITH LAWS.

  Where a Missouri corporation was required by the statute through which it derived its existence to maintain an office in that state, it will be presumed that the law has been complied with.

  [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 94; Dec. Dig. § 73.*]

In Bankruptcy. In the matter of the bankruptcy of the Tennessee Construction Company. On report of special master. Report not confirmed.

McLaughlin, Russell, Coe & Sprague, of New York City, for petitioner.

Hirsch, Scheuerman & Limburg, of New York City, opposed.

MAYER, District Judge. The petition in bankruptcy was filed on January 23, 1913, and issue was joined by filing an answer which denied the allegation of the petition to the effect that the alleged bankrupt had "its principal place of business" in the Southern district of New York for the greater portion of the six months next preceding the filing of the petition. The special master, to whom the matter was referred, has recommended the granting of the prayer of the petitioner.

The alleged bankrupt was incorporated under article 1, chapter 33, of the Revised Statutes of Missouri of 1909. That statute provides:

"Sec. 3035. Every corporation created by or existing under the laws of this state shall have and keep a general office for the transaction of business, and shall have and keep such office within this state."

The company was designed to construct the Tennessee Central Railroad, but for a considerable period has not been in active business. For some time prior to the beginning of the six months period the securities were held in pledge against obligations to creditors, nearly all of whom resided and had their place of business in St. Louis. As near as I can discover from the record, the principal business of the company during the six months period has been to try to work out a reorganization, so that its assets might be made valuable and its debts paid.

I doubt very much whether the acts done in the Southern district of New York, to which the special master refers in his report, can be regarded as doing business, so as to lay the foundation for finding a place of business in this jurisdiction. But if these acts be regarded as doing some business, the proof falls far short of demonstrating that

the principal place of business was in this district. The locus of the principal place of business of a corporation is always a question of fact; but it is desirable to determine the facts, if possible, upon some principle.

[1] In a case and situation such as here presented, the doubt should be resolved in favor of that jurisdiction in which the corporation obtained its corporate existence and where, as is usually the case, the state law requires the maintenance of an office.

[2, 3] Under the section of the Missouri law above quoted, this corporation was required to have and keep a general office for the transaction of business, and to have and keep that office within the state of Missouri. Presumptively the law has been complied with, and there is some evidence (not entirely satisfactory) that an office was maintained in St. Louis for the purposes of the statute. The residence of the officers is a matter of little consequence, if any. We all know that corporations have nonresident officers, and that routine and clerical work may be done in one jurisdiction, and the principal office, within the meaning of the statute, may be in another jurisdiction.

Under these circumstances it is the duty of the court to carry out the spirit and purpose of this enactment of Congress. It is conceded that shortly before this petition was filed, to wit, on January 7, 1913, the circuit court of the city of St. Louis took possession of the assets of the Tennessee Construction Company, through its receiver appointed for that purpose, by decree of the circuit court for the Eighth judicial circuit of the state of Missouri. The assets are therefore in Missouri, most of the creditors are there, and the concern was there incorporated. If it has any principal place of business, that place, in my opinion, is not in the Southern district of New York, and there is no occasion for this court to strain itself to acquire jurisdiction in a very doubtful case.

For the reasons outlined, the report of the special master is not confirmed. Settle order on two days' notice.