In re MITCHELL et al.

Ex parte McGOVERN.

(Circuit Court of Appeals, Second Circuit. December 15, 1914.)

No. 55.

1. BANKRUPTCY ⟨⟩81—BANKRUPTCY PETITION—JURISDICTION.

A bankruptcy petition must be addressed to the court authorized by law to take cognizance of the case, which jurisdiction is dependent on the residence of the debtor and cannot be waived by his voluntary appearance or otherwise.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. ⟨⟩81.]

2. BANKRUPTCY ⟨⟩15—COURTS—JURISDICTION—PARTNERSHIP.

Bankr. Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. 1913, § 9589]) § 5, subd. "c," provides that the court of bankruptcy, which has jurisdiction of one of the partners, may have jurisdiction of all, and of the administration of the partnership and individual property. Held, that a court, which has jurisdiction over one partner, can take jurisdiction over the firm, without reference to whether the firm is six months old, and whether there is any specific allegation as to the firm's principal place of business.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 21; Dec. Dig. ⟨⟩15.]

3. BANKRUPTCY ⟨⟩81—COURTS—JURISDICTION—PETITION.

Bankr. Act 1898, § 2, gives courts of bankruptcy jurisdiction to adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective jurisdictions for the preceding six months, or the greater portion thereof, and section 5, subd. "c," declares that such courts, which have jurisdiction of one of the partners, may have jurisdiction of all and of the administration of the partnership and individual property. Held, that a bankruptcy petition, alleging that the bankrupts M. G. and A. were and had been, for more than six months next preceding the date of the filing of the petition, engaged principally in the business of stockbrokers, and that their principal place of business during all of such period had been and was in the borough of Manhattan, city of New York, and Southern District of New York, sufficiently and properly alleged the residence of the individuals, and was sufficient to give the court jurisdiction of them and of the firm which they composed, without reference to the length of time the firm had existed, etc.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. ⟨⟩81.]

Petition to Revise and Appeal from Order of the District Court of the United States for the Southern District of New York.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This matter comes here upon an appeal from and a petition to revise an order of the United States District Court for the Southern District of New York, filed therein on March 23, 1914 (211 Fed. 778), and which denied a motion made by Thomas B. McGovern for an order vacating the orders of adjudication of bankruptcy herein, opening his default, striking out the answer and appearance interposed on his behalf, or permitting him to file an answer raising the issues of fraud and the jurisdiction of the court.

On February 20, 1913, J. Murray Mitchell, Frederick B. Alexander, and Thomas B. McGovern executed articles of copartnership and formed the firm of Mitchell & Co. Just before the firm of Mitchell & Co. was organized Mr. Mitchell went to his father-in-law, Thomas B. McGovern, who up to that time had never been engaged in the stockbrokerage business and asked him to aid in the reorganization of the firm of Alexander & Co., of which firm Mr. Mitchell was at that time a partner and which was then in financial difficulty. Various representations were made by Mitchell to induce McGovern to form the firm of Mitchell & Co. and to assume the debts of that firm. It is claimed that among the fraudulent representations made by Mitchell to McGovern was that of exhibiting to the latter a statement of the assets and liabilities of Alexander & Co. which Mitchell stated to be correct and to have been taken from the books of the firm. The statement showed the firm of Alexander & Co. to be solvent and McGovern was assured by Mitchell that such was its condition. McGovern, relying on these false representations of Mitchell, executed the copartnership agreement heretofore mentioned. The agreement provided that it should be terminable at any time at the instance of any partner on ten days' notice. By this agreement the assets of Alexander & Co. were to be transferred to the firm of Mitchell & Co. and Mitchell & Co. assumed the debts of Alexander & Co. Substantially all of the debts of Mitchell & Co. consist of the debts of Alexander & Co. which had been assumed.

A petition in bankruptcy to declare J. Murray Mitchell, Thomas B. McGovern, and Frederick B. Alexander, individually and as partners composing the firm of Mitchell & Co. involuntary bankrupts, was filed on March 22, 1913, in the District Court for the Southern District of New York. But prior to the filing of the petition, and, on March 18, 1913, the firm of Mitchell & Co. was dissolved by an agreement in writing which all the parties executed. The dissolution was occasioned by McGovern, who discovered that representations made to him were false and gave notice that he should withdraw.

The day the petition in bankruptcy was filed McGovern sailed for South America, in accordance with business engagements made long before and for the purpose of looking after his interests in the vicinity of Rio de Janerio. A short time before leaving on this trip he learned of the threatened bankruptcy proceedings against the firm of Mitchell & Co., consulted his lawyer, explaining the necessity of his departure, and arranging with his attorney to care for his interests during his absence.

McGovern was by his business engagements prevented from returning to the United States until December 6, 1913, and on arriving in this country learned for the first time that an adjudication in bankruptcy was entered on April 10, 1913, against the firm of Mitchell & Co. and against J. Murray Mitchell and Frederick B. Alexander individually; and that on June 25th a like decree was entered against himself. McGovern also discovered that his attorney had filed an answer for him individually but had defaulted in appearing before the Special Master, to whom the hearing on the issues raised by the answer had been referred.

McGovern thereupon petitioned the court to vacate its order adjudicating him a bankrupt, both as an individual and as a member of the firm of Mitchell & Co., and that he be permitted to file an answer. The petitioner claims he is not insolvent and relies upon other points as will appear in the opinion of this court.

Parker, Davis, Wagner & Walton, of New York City (Arnold L. Davis and Roy M. Robinson, both of New York City, of counsel), for appellant.

A. J. Keogh, of New York City, for appellees.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The question presented to us is whether an error was committed by the court below in declining to reopen the adjudication of bankruptcy entered against Mr. McGovern. Did the court below have jurisdiction to adjudicate the firm of Mitchell & Co. or any of the partners a bankrupt?

The Bankruptcy Act, § 2, gives courts of bankruptcy jurisdiction "to adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof."

The allegation in the petition in bankruptcy upon the matter of residence or domicile was as follows:

"That J. Murray Mitchell, Thomas B. McGovern, and Frederick B. Alexander are and have been for more than six months next preceding the date of the filing of this petition, engaged principally in the business of stockbrokers, and that their principal place of business during all of said period has been and now is in the borough of Manhattan, city of New York, in said Southern District of New York."

The allegation thus made is somewhat indefinite. The appellant claims that the statement must be regarded as an allegation that the firm of Mitchell & Co. had their principal place of business in the Southern District of New York, and that there is no allegation that McGovern was a resident of New York, or that any of the individual members of the firm had a residence or domicile in New York. The contention is, therefore, that upon the allegations the court was without jurisdiction, as the partnership has not continued for more than three months. The petition, however, alleged, if we accept the appellant's construction of it, that Mitchell, McGovern, and Alexander had been partners for more than six months, and that during that period their place of business was in the borough of Manhattan, city of New York, in the Southern District of New York. Mitchell and Alexander put in no answer. McGovern appeared by attorney in fact and denied merely that he was insolvent and that a transfer had been made as the petition alleged with intent to prefer. The averments as to the partnership and the principal place of business were not put in issue. The averments of residence stood uncontested at the time the court entered its decree. And if the court below had jurisdiction of the subject-matter then the fact that McGovern appeared by his attorney and put in an answer without raising the objection as to residence might be urged to show that he had consented to the court's jurisdiction. But the law is that the residence or domicile of a bankrupt within the territorial jurisdiction of the court, or his having carried on business within the district for the greater portion of six months before the filing of a petition by or against him, is an essential jurisdictional fact, without the

existence of which the District Court is without authority to proceed to an adjudication of bankruptcy.

"And this essential fact must appear affirmatively and distinctly and not be left to presumption or conjecture. Nor can this requirement as to jurisdiction be waived by the bankrupt or the creditors. Neither consent nor failure to object can confer authority to proceed upon a court which would not have jurisdiction under the express language of the statute." Black on Bankruptcy, § 19.

In Fogarty v. Gerrity, 1 Sawyer, 233, Fed. Cas. No. 4,895 (1870), a petition had been filed against certain parties praying that they be adjudged bankrupts, and on the return day they appeared and with their own consent were so adjudged. Subsequently an attaching creditor appeared and moved upon affidavits to vacate all the proceedings on the ground that the court had no jurisdiction over the case, as the bankrupts had resided in the district some six weeks prior to the filing of the petition against them and not for six months required by the act. It was urged that the court had acquired jurisdiction by consent of the bankrupts. The court, however, held that the proceedings should be set aside and vacated as the court was without jurisdiction. Judge Hoffman said:

"But consent cannot give jurisdiction—and that the question is one of power and jurisdiction in the court is evident—nor can it make any difference whether the proceeding is voluntary or involuntary bankruptcy."

[1] The law requires the petition in bankruptcy to be addressed to the court authorized by law to take cognizance of the case. It cannot be addressed to any other. Collier on Bankruptcy, after stating that the requirements as to residence are jurisdictional and cannot be waived by the voluntary appearance of the debtor, goes on to say that:

"The court may of its own volition inquire into the facts as to these jurisdictional requirements so as to protect itself against fraud or imposition." Collier on Bankruptcy (10th Ed. 1914), p. 30.

[2] It is necessary, therefore, to determine whether this petitioner is correct in his interpretation of the meaning which is to be given as to the allegation in the petition of bankruptcy.

The allegation is somewhat obscure. It is not in express terms an averment that J. Murray Mitchell, Thomas B. McGovern, and Frederick B. Alexander, as partners composing the firm of Mitchell & Co., had the principal place of business of the firm in New York. The allegation contains no mention whatsoever of the partnership, and because of that fact the court is of the opinion that it should be construed, not as an allegation that the firm had its principal place of business in New York, but that it is to be treated as an allegation that the individuals named, and each of them, had his principal place of business in New York City for more than six months next preceding the date of the filing of the petition in bankruptcy. This court is unable, therefore, to agree with this petitioner in his contention that the petition in bankruptcy contains no allegation as to the place of business of any of the individual partners. That is in the opinion of this court just what it does contain. The fact that it does not allege is that the firm of Mitchell & Co. had its principal place of business in New York.

The Bankruptcy Act, § 5, subd. "c," provides that:

"The court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners and of the administration of the partnership and individual property."

Under this section a court which has jurisdiction over one partner can take to itself jurisdiction over the firm of which he is a member without reference to whether the firm is six months old or three months old, and without there being any specific allegation as to the firm's principal place of business.

[3] The allegations of the petition in this case were sufficient under the statute to give the court jurisdiction; and as the petitioner appeared by attorney who filed an answer for him individually but defaulted in appearing before the Special Master, to whom the hearing on the issues raised by the answer had been referred, we are unable to see what standing he now has to come into this court upon an appeal or a petition to revise. The appeal and the petition to revise must both be dismissed because taken out long after the period allowed by the Bankruptcy Act in case of appeals and by our rule 38 (150 Fed. liv, 79 C. C. A. liv) in case of petitions to revise. The affairs of Mitchell & Co. have already been administered for the benefit of creditors, and all the partners have been found by the court below to be bankrupt and to have done business for more than three months in the district. The petitioner does not deny in his petition that he and his partners were residents of the district when the petition was filed, and he does not allege that he or either of his partners, or the firm, is solvent and able to pay his or its debts.

The order appealed from and sought to be revised is affirmed, with costs.