In re PRICE.

Ex parte WYOMING APARTMENT CO.

(District Court, S. D. New York. April 4, 1916.)

BANKRUPTCY ☞14—JURISDICTION OF PROCEEDINGS—"PLACE OF BUSINESS."

A traveling salesman, whose only compensation was commissions on sales, has no "place of business," so as to give jurisdiction of his petition for voluntary bankrupts to the District Court of a district in which he did not reside, but to which he returned from his trips, and where he spent almost half his time.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. ☞14.

For other definitions, see Words and Phrases, First and Second Series, Place of Business.]

In Bankruptcy. In the matter of Joseph J. Price, bankrupt. On motion of the Wyoming Apartment Company to dismiss the voluntary petition in bankruptcy for lack of jurisdiction. Motion granted.

In this case the bankrupt is a traveling salesman for one Glass, of White street, in the city of New York. His only compensation consists of commission on sales, which average about $700 a year. The territory in which he does business is throughout the United States. He is concededly a resident of New Jersey. His only business consists of being a salesman, and he spends more than half his time upon the road. Although not stated in the papers, it was stated at the bar, and not disputed, that he spends about one month in New York and six weeks on the road, thus alternating during the year. The question is whether his voluntary petition is within the jurisdiction of this court, upon the ground that his principal place of business is in the Southern district of New York.

Alison M. Lederer, of New York City, for petitioner.
Otto Greenberger, of New York City, for bankrupt.
Edward W. Drucker, of New York City, for a creditor.

LEARNED HAND, District Judge (after stating the facts as above). If the bankrupt has any place of business whatever, there can be no doubt that New York is the principal one. Here he returns, and here he spends most of his time. I am disposed to interpret the phrase "place of business" in accordance with In re Lipphart (D. C.) 201 Fed. 103, a decision rendered in this district. Remington in his second edition, § 35 (volume 1, page 63), criticizes this decision, and his is a high authority, yet it seems to me somewhat to force the natural use of language to say that "a clerk, even, is a business man," though it is true that he "has a place where he does his business," which may be quite another matter.

I should hardly think that any one except possibly the clerk or salesman himself would be likely to speak of him as "a business man." The phrase can certainly not include every place where a man earns his living, unless we are prepared to violate the natural use of language in the interests of consistency. A journeyman plumber, a textile operator, a janitor, or a bookkeeper has a fixed place where he earns his living and does such business as he has, yet I think we should feel it an inapt expression to say that he had a "place of business," as those words are commonly used. Moreover, as Judge Mayer points out in Re Lipphart, supra, the phrase was not improbably used with design for convenience in administration. The probable residence of creditors is one consideration; the situs of property is another. Neither property nor creditors are much to be expected where a man works for another upon a salary or a commission.

The case is certainly not free from doubt, and upon doubtful questions it is generally our custom in this district to follow former decisions for uniformity's sake until the matter can be authoritatively settled in the Circuit Court of Appeals.

The motion will therefore be granted, and the proceedings dismissed for lack of jurisdiction; no costs.