## HIGGINS v. STATE LOAN CO.
### No. 7681.

United States Court of Appeals for the District of Columbia.

Argued June 10, 1940.

Decided June 29, 1940.

Paul D. Taggart, of Silver Spring, Md., for appellant.

Camden R. McAtee, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

GRONER, C. J.

The single question for decision is whether the place where a person engages in gainful activity solely as a subordinate employee of another is a "place of business" within the meaning of § 2, sub. a, of the National Bankruptcy Act. [1] Appellant filed a voluntary petition in June 1939, and was adjudicated bankrupt. Later, it appeared that appellant had resided and been domiciled in Maryland for the four years preceding, but had been employed by Western Electric Company in the District of Columbia for several years as an "electrical installer." Appellee, a creditor, then moved to dismiss the petition on the ground that the bankruptcy court in the

---

[1] "The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act [title], in vacation, in chambers, and during their respective terms, as they are now or may be hereafter held, to—

"(1) Adjudge persons bankrupt who have had their *principal place of business*, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction * * *." 11 U.S.C.A. § 11, sub. a. [Italics supplied.]

District of Columbia was without jurisdiction to entertain it. The referee denied the motion, but on review the District Court reversed his ruling and dismissed the petition for lack of jurisdiction. This appeal followed.

■ The statute makes jurisdiction depend upon the debtor's residence, domicile, or principal place of business, regardless of whether the petition is voluntary or involuntary. Consequently, if jurisdictional facts do not appear, the adjudication will be vacated. In re Carnera, D.C., 6 F.Supp. 267, citing In re Mitchell, 2 Cir., 219 F. 690; In re Pusey & Jones Co., 2 Cir., 286 F. 88; Royal Indemnity Co. v. American Bond & Mortgage Co., 289 U.S. 165, 53 S.Ct. 551, 77 L.Ed. 1100. And see, also, In re Guanacevi Tunnel Co., 2 Cir., 201 F. 316; Glenn on Liquidation, § 203.

In the instant case, as we have seen, petitioner has both residence and domicile in Maryland. In the District of Columbia, he works for his employer, Western Electric Company, and receives a salary. Nothing else appears.

Under the former Bankruptcy Acts of 1841 and 1867,[2] in which the jurisdictional language was substantially similar, there are conflicting decisions. In re Kinsman, 14 Fed.Cas. 643, No. 7,832, and In re Magie, 16 Fed.Cas. 406, No. 8,951, hold that a place of employment is not a "place of business"; whereas In re Baily, 2 Fed.Cas. 392, No. 753, and In ré Belcher, 3 Fed.Cas. 79, No. 1,237, apparently hold that employment within the District is sufficient.

Under § 2 of the 1898 Act, there are two pertinent decisions by the District Court in Southern New York.

In the case of In re Lipphart, D.C., 201 F. 103, 105, the bankrupt resided in New Jersey, but was employed in New York City by an express company. He invoked the jurisdiction of the bankruptcy court in New York on the allegation that his principal place of business was at the offices of his employer. The petition was dismissed on the ground that the statute contemplated "place of business" as applying only to those who have a business of their own and not to a clerk who had no place of business anywhere. Judge Mayer, then a District Judge, who wrote the opinion, said: "While there is not any uniform rule of conduct, it may be said that people gen-

erally contract their debts where they live, or where they do business. The debts contracted at the place of residence or domicile are usually of a personal character having to do with purchases for personal use or the household, and ordinarily a person living in one place and employed in another does not contract debts in the locality where he is employed."

On this basis, he held that a clerk or employee cannot be said to be in business or to have a place of business solely by virtue of the fact that he earns his living in the employment of another at a place other than his residence.

In the case of In re Price, D.C., 231 F. 1001, 1002, Judge Learned Hand reached the same conclusion. The bankrupt was a traveling salesman, residing in New Jersey, but with business headquarters in New York City. The judge concluded that "a journeyman plumber, a textile operator, a janitor, or a bookkeeper has a fixed place where he earns his living and does such business as he has," but expressed the view that it would be inapt to say that he had a "place of business" as those words are commonly used.

We have been cited to no decisions on the question by any of the Circuit Courts of Appeals, and our own investigation has disclosed none. Appellant relies upon Milwaukee Corrugating Company v. Flagge, 8 Cir., 19 F.2d 518. The opinion in that case, which involved a bankruptcy petition filed in Iowa, appears on the surface to sustain appellant's position. But examination of the record shows that, though the bankrupt's family home was in Wisconsin, he himself for reasons of convenience in his work had removed two years before the filing of his petition to Iowa, had voted there, and for more than six months prior to the filing of his petition he not only was employed in Iowa but resided there the greater portion of his time.

■ From what has been said, it is apparent, therefore, that except for opinions in a single Judicial District, the question we have to decide has not received judicial determination. § 2 of the 1898 Bankruptcy Act was modified and reenacted in 1938,[3] but the pertinent part was left unchanged. It may perhaps be going a little far to say that Congress thereby intended to adopt or approve the inter-

---

[2] 5 Stat. 440, repealed 5 Stat. 614; 14 Stat. 517, repealed 20 Stat. 99.

[3] 52 Stat. 842, 11 U.S.C.A. § 11.

pretation by a single District Court of the reenacted provision, but at least it may be said that the reenactment without change is somewhat persuasive to that result. Cf. Latimer v. United States, 223 U.S. 501, 32 S.Ct. 242, 56 L.Ed. 526. While the question is not free from doubt, we are disposed to adopt the views of Judges Mayer and Hand. Undoubtedly, Congress framed the jurisdiction provision for the creditor's convenience. Royal Indemnity Co. v. American Bond & Mortgage Co., supra. A person operating his own business ordinarily obtains credit on the faith of it, and the place where he carries it on may properly be assumed to have a continuity and distinctive character. Similarly, where a person establishes a permanent place of residence, he establishes credit and relationships with the public which result in his being known and identified with that place. One, at least of the objects of the jurisdiction provision is to prevent imposition upon creditors and fraudulent discharges, and this purpose might be defeated if a petition could be filed in the District where employment only, without identification, is shown. It would seem reasonable to conclude, therefore, that whatever meaning the phrase "place of business" may have generally, as used in the Bankruptcy Act for jurisdictional purposes it means a place where the bankrupt has a business of his own. In this view, we reach the conclusion that the order of the court below, dismissing the petition, was correct and should be affirmed.

Affirmed.