**In the Matter of Edward G. MARTINEZ, Debtor.**

**In the Matter of Leslie Fay SMITH, Debtor.**

**Nos. 2311–B–4, 2318–B–4.**

United States District Court
D. Kansas.
April 11, 1956.

---

222

Joseph T. Carey, Louis R. Gates, and Joseph H. Swinehart, Kansas City, Kan., for Edward G. Martinez.

Charles F. Williams, Kansas City, Kan., and Lee Davis, Kansas City, Mo., for Leslie Fay Smith.

MELLOTT, Chief Judge.

In each of these proceedings the referee in bankruptcy, in December, 1955, concluded that the venue was "laid in the wrong court of bankruptcy." The petition in the first-mentioned discloses that petitioner is a resident of Kansas City, Missouri, and that he had resided in that district for a longer portion of the six months immediately preceding the filing of the petition than in any other judicial district. The petition in the second-mentioned indicates essentially the same, except that the petitioner is a resident of Falls City, Nebraska.

In an order signed by the referee in each case, shortly after the petition as a Wage Earner under Chapter XIII, Title 11 U.S.C.A. § 1001 et seq., had been filed, it was stated that before any action would be taken by him an order should be made by the judge fixing the venue. The referee continued each proceeding for twenty days to enable the petitioner, or the creditors who had consented to the proposed plan, to present a petition to the judge for an appropriate order. After about sixty days had elapsed, no further action having been taken, the referee entered orders dismissing the proceedings, and petitions for review were filed.

Each petitioner contends that the referee should have proceeded with the case until and unless objections to the venue had been made. The briefs of the petitioners urge that dismissal by the referee was in contravention of § 651 of the Bankruptcy Act, Title 11 U.S.C.A. § 1051, which provides, in substance, that when at the meeting of creditors all creditors accept the plan it shall be confirmed. It is also urged that the dismissal was "in contravention of Section 32 of the Bankruptcy Act, [Title 11 U.S.

C.A. § 55] which provides, in substance, that even in a case where venue is wrongly laid the Judge may, upon timely and sufficient objection to venue, transfer the case to any other court in which it might have been brought; that in * * * [these cases] there was no objection to venue";[1] and that even the judge, if an objection had been presented to him, "would have been limited to transferring the case rather than dismissing * * * [it]."[1]

The jurisdiction of courts of bankruptcy over persons and subject matter involved in wage earner plans filed pursuant to Chapter XIII is set out in the Act as follows:

"If no bankruptcy proceeding is pending, a debtor may file an original petition under this chapter with the court which would have jurisdiction of a petition for his adjudication." July 1, 1898, c. 541, § 622, as added June 22, 1938, c. 575, § 1, 52 Stat. 931." 11 U.S.C.A. § 1022.

Under Section 2 of the Act, Title 11 U.S.C.A. § 11, courts of bankruptcy have jurisdiction, under subsection a (1) to * * *

"Adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction, or who do not have their principal place of business, reside, or have their domicile within the United States, but have property within their jurisdictions, or who have been adjudged bankrupts by courts of competent jurisdiction without the United States, and have property within their jurisdictions, *or in any cases transferred to them pursuant to this title * * *.*" The italicized portion was added by the Act of July 7, 1952, c. 579, § 2, 66 Stat. 420.

Neither of the present petitioners contends that he is, or ever has been, a resident of this district, or that he comes within any of the other quoted provisions. Each places his reliance solely upon the amendment to the transfer statute, i. e., Section 32, Title 11 U.S.C.A. § 55, enacted July 7, 1952, adding what now appear as subsections b and c, reading as follows:

"(b) Where venue in any case filed under this title is laid in the wrong court of bankruptcy, the judge may, in the interest of justice, upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought.

"(c) The judge may transfer any case under this title to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer."

The legislative history of the amendment, shown in U.S.Code Congressional and Administrative News, 82nd Congress, 2nd Session, 1952, p. 1967, is set out in the margin.[2] It is significant that

---

1. The quotations are from the briefs, each being couched in the same language.

2. "18. Section 11 of the bill adds two subdivisions to the present section 32. That section deals with the transfer of cases, but, as presently written, it covers only the case of two petitions against the same person or partnership. The first subdivision proposed to be added incorporates the substance of the general statute on venue of district courts stated in Title 28, section 1406, United States Code, modified only to accommodate it to the Bankruptcy Act. Under this first subdivision, the judge may upon timely and sufficient objection transfer a case brought in the wrong court of bankruptcy. This first subdivision also incorporates the amendment to section 1406 which changed 'shall' to 'may, in the interest of justice.' Ordinarily, no doubt the venue rules in bankruptcy will serve the interest of justice, but in the event that in the special case they do not,

the amendment to Section 2, set out in italics in the portion quoted above, was deemed necessary to enable a court not otherwise having jurisdiction "to exercise jurisdiction in a case * * * transferred to it" under the new subsections, i. e., b and c supra.

■ The essence of the present contention is that the Congress, by the enactment of the above amendments, in effect nullified the jurisdictional provisions of the Bankruptcy Act. The argument is intriguing; but, in the studied judgment of this court, it is unsound. Prior to the amendment, the great weight of authority was that the requirements with respect to location of principal place of business, residence, or domicile within the district were fundamental jurisdictional requisites.[3] A leading case, affirmed by the Supreme Court, is In re American Bond & Mortgage Co.[4] In that case involuntary petitions in bankruptcy had been filed against the company in Maine and in Illinois. The District Court for the District of Maine found that the company had its domicile in Maine and its principal place of business in Chicago.[5] It ruled that both districts had jurisdiction and transferred the case to the Illinois district pursuant to Section 32. The Circuit Court of Appeals for the Seventh Circuit affirmed. In reference to the requirement of principal place of business in the district the court said: "The existence of such fact is a necessary condition precedent to the attachment of jurisdiction of the court."[6] The Supreme Court affirmed, without expressly ruling, however, that matters of principal place of business, residence, or domicile are jurisdictional.[7] Other courts have expressed their views in the language set out in the margin.[8]

the judge will have discretion to retain the proceeding.

"The second subdivision proposed to be added makes available to the bankruptcy judge a power to transfer a case, in the interest of the parties, similar to that now accorded the judge in a non-bankruptcy proceeding by section 1404(a) of title 28. This power could already be exercised by a judge in a chapter X proceeding, because of the authority granted by section 118. *A clause is also added to section 2a(1) of the act by section 2(a) of the bill to authorize the court to exercise jurisdiction in a case so transferred to it.* (Emphasis supplied.)

"When the power is made generally available in all bankruptcy proceedings, the special provision in section 118 is no longer necessary, and it is therefore repealed by section 24 of the bill."

3  Remington on Bankruptcy, 1950 Ed., Vol. 1, pp. 80–84.

4  1932, 58 F.2d 379, affirmed 7 Cir., 61 F.2d 875, certiorari granted Royal Indemnity Co. v. American Bond & Mortgage Co., 288 U.S. 596, 53 S.Ct. 400, 77 L.Ed. 973, affirmed 289 U.S. 165, 53 S.Ct. 551, 77 L.Ed. 1100.

5  The court stated: "The jurisdiction of the District Court in Chicago and the validity of the proceedings there have been vigorously attacked. The second section of the bankruptcy act authorizes petitions to be filed in the district where the alleged bankrupt has had his principal place of business, resided or had his domicile for the preceding six months or the greater portion thereof. When, therefore, a bankrupt resides in one district and does business in another, the courts of each district have concurrent jurisdiction. It can hardly be doubted in this case that the bankrupt had its principal place of business in Chicago for six months or more prior to the filing of the involuntary petition there." 58 F.2d 379, 382.

6.  7 Cir., 61 F.2d 875, 876.

7.  Royal Indemnity Co. v. American Bond & Mortgage Co., supra.

8.  "(T)he law is that the residence or domicile of a bankrupt within the territorial jurisdiction of the court, or his having carried on business within the district for the greater portion of six months before the filing of a petition by or against him, is an essential jurisdictional fact, without the existence of which the District Court is without authority to proceed to an adjudication of bankruptcy." In re Mitchell, 2 Cir., 219 F. 690, 692–693.

"It is not a question of mere personal privilege, which may be waived by the bankrupt at his election, as in a case where the court is invested with general jurisdiction over the subject-matter, but suit is brought in the wrong district."

It is true, as pointed out in one of the briefs filed on behalf of the petitioners, that courts have been reluctant to permit collateral attacks upon judgments rendered in bankruptcy courts, especially where the one attempting to make such an attack has done so in an appellate court rather than in the trial court. Cf. Fairbanks Steam Shovel Co. v. Wills.[9] But the cases cited upon brief do not justify this court in holding that Section 2 has been completely nullified or that it is only a venue statute. The statement incidentally made in one of the briefs that a prospective bankrupt "cannot select haphazardly the specific court in which he will initiate his proceedings * * * [but] is bound to make an election among the alternatives" set out in Section 2, suggests any such holding would be erroneous.

■ It is suggested by counsel for petitioners that the rationale of some of the cases arising under 28 U.S.C. §§ 1404 and 1406 may have some applicability. In at least two such cases noticed by this court it has been pointed out that motions to dismiss should have been granted rather than transferring them to other districts where the courts in which they had been filed had no jurisdiction of the subject matter of the action.[10] In that view, therefore, it seems the referee acted properly in dismissing the petitions in these cases.

■ But this is not to say that the "transfer" statute, as amended, is meaningless and will not be given full effect. Under section 32, sub. a, when petitions are filed "in different courts of bankruptcy each of which has jurisdiction" transfers, no doubt, will be made as the statute prescribes. Under sub. b, "upon timely and sufficient objection to venue being made," cases will be transferred "to any other court of bankruptcy in which * * * [they] could have been brought" when the judge is convinced such action will be "in the interest of justice." Under sub. c, transfers will be made from this district to others when "the interests of the parties will be best served by such transfer" and jurisdiction will be assumed of all "cases transferred" to this district pursuant to applicable law. This court will not, however, in the view it now entertains, assume jurisdiction generally over bankrupts and wage earners not within its District and not within any of the categories set out in Section 2 of the Bankruptcy Act. The dismissal of these proceedings by the referee, therefore, will not be set aside.

Finn v. Carolina Portland Cement Co., 5 Cir., 232 F. 815, 818.

"A District Court of the United States sitting as a court of bankruptcy is a court of limited jurisdiction. Limitations exist as to subject-matter; as to territory; as to the residence and occupation of the debtor to be adjudicated; as to the status of the corporation or person to be adjudicated; and as to other matters. * * * And consent cannot confer jurisdiction over subject-matter. The express provisions of the statute and the necessary implications are controlling." Nixon v. Michaels, 8 Cir., 38 F.2d 420, 423.

"These requirements are jurisdictional; and when the bankrupt has imposed upon the court's jurisdiction, a party in interest may have the order of adjudication set aside, if he moves promptly and is not guilty of laches." In re Federman, 2 Cir., 119 F.2d 754, 755.

"Consequently, if jurisdictional facts do not appear, the adjudication will be vacated." Higgins v. State Loan Co., 72 App.D.C. 328, 114 F.2d 25, 26.

"Also, it is the duty of the court, sua sponte, when it believes its jurisdiction may have been imposed upon, to inquire into the facts and act in accordance therewith." In re Ettinger, 2 Cir., 76 F.2d 741, 742. Cited in Securities and Exchange Comm. v. U. S. Realty & Improvement Co., 310 U.S. 434, 457–458, 60 S.Ct. 1044, 84 L.Ed. 1293.

"The statute speaks in the alternative and either principal place of business, residence, or domicile is sufficient to give territorial jurisdiction over a bankrupt." In re Pilgrim Plumbing Supply Corp., D.C., 123 F.Supp. 823, 824.

9. 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841.

10. Jones v. Radio Corporation of America, D.C., 129 F.Supp. 440; First Nat. Bank of Chicago v. United Air Lines, 7 Cir., 190 F.2d 493.