**In re Antonios CANAVOS, Debtor.**

**Bankruptcy No. 89–12936S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 8, 1989.

Jerry L. Raff, Philadelphia, Pa., for debtor.

John Judge, Philadelphia, Pa., Interim Trustee.

William F. Saldutti, III, Philadelphia, Pa., for DFD.

James J. O'Connell, Philadelphia, Pa., Asst. U.S. Trustee.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

At issue in this individual voluntary Chapter 7 bankruptcy case is a motion of one of the Debtor's two listed creditors to transfer the venue of this case from our court to the bankruptcy court for the District of New Jersey (hereinafter "DNJ") on the ground that this case was improperly commenced here contrary to the terms of 28 U.S.C. § 1408(1). The facts, presenting an individual who lives and is employed in New Jersey, but is part-owner of a presently inactive Pennsylvania corporation, have not been replicated in any other cases that we have located. We conclude that the Pennsylvania locus of the corporation, though inactive, does cause the "principal place of business in the United States" of the Debtor to lie in this jurisdiction.

Therefore, we will deny the creditor's motion.

The Debtor, ANTONIOS CANAVOS (herein "the Debtor"), filed the instant bankruptcy case in this court on August 10, 1989. His Schedules listed his address as 701 Crestbrook Avenue, Cherry Hill, New Jersey 08003. Also, in his Schedules, he divulged that he did business under the name of P.C.K. Enterprises, Inc. (hereinafter "PCK"), which had previously operated the New Yorker Restaurant at 9227–32 Roosevelt Boulevard in Philadelphia, Pennsylvania, but that active operation of this business had terminated. Only two creditors, both unsecured, and arising out of the PCK enterprise, were listed: (1) D.F.D., Inc. (hereinafter "DFD"), a Pennsylvania corporation which had obtained a judgment of $116,142.61 against him in New Jersey; and (2) Venice Construction Co. (hereinafter "Venice"), a Pennsylvania corporation which had obtained a judgment of $42,525 against him in Pennsylvania. The only assets listed were cash of $150; a New Jersey bank account of $1,400; clothes worth $400; a car worth $600; and the PCK stock, valued at zero (0). The petition averred that this jurisdiction was the Debtor's "principal place of business."

JOHN JUDGE was appointed as interim Trustee in this case, and Mr. Judge conducted a meeting of creditors pursuant to 11 U.S.C. § 341 in this case on October 11, 1989. Mr. Judge has filed a report reciting that the Debtor's estate has no non-exempt assets. The case therefore appears poised for discharge and closing.

On October 23, 1989, DFD filed the instant motion. After one continuance, a hearing was conducted on November 28, 1989.

The only witness at the hearing was the Debtor, called as of cross-examination by DFD.[1] In addition to reaffirming the information on his Schedules noted *supra*, the Debtor testified that his only employment,

---

1. Also present, but not testifying at the hearing, was Demetrious Pouloponlis. This individual, another co-owner of PCK and a co-resident of the Debtor's home, has also filed a voluntary individual Chapter 7 case in this jurisdiction, at Bankr. No. 89–12935F. DFD filed a similar motion in that case which was dismissed without prejudice by our colleague, the Honorable Bruce Fox, on December 6, 1989.

since February, 1989, has been at the Dynasty Restaurant in Delran, New Jersey. Also, he admitted that his auto title, license, and the situs of his tax filings was New Jersey.

However, the Debtor contended that PCK, while not operating the New Yorker Restaurant since August, 1988, was a viable entity. It retained a liquor license, which the Debtor valued, if renewed, at $30,000 to $35,000, and he stated that much of his energies are devoted to seeking another location where PCK may reopen a successor-business to its earlier venture. It became apparent that the Debtor chose this forum for his filing principally because his counsel practices here.[2] Concomitantly, DFD's motion was motivated by its counsel's presence in New Jersey.

Unlike many motions to change venue, the instant dispute involves solely interpretation of 28 U.S.C. § 1408(1), which reads as follows:

§ 1408. Venue of cases under Title 11

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement or for a longer portion of such one-hundred-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; ...

It is clear to us, that, although 28 U.S.C. § 1412, which authorizes a bankruptcy court to change proper venue if a bankruptcy case to another district for the convenience of the parties, was invoked by DFD, it is not really in issue. Both credi-

tors and the choice of the Debtor are centered in this district. Hence, if venue is proper here, we would not transfer venue under § 1412. *Compare In re Boca Raton Sanctuary Associates,* 105 B.R. 273, 274–75 (Bankr.E.D.Pa.1989); *In re Oklahoma City Associates,* 98 B.R. 194, 198–200 (Bankr.E.D.Pa.1989); and *In re 1606 New Hampshire Avenue Associates,* 85 B.R. 298, 303–05 (Bankr.E.D.Pa.1988) (hereinafter cited as *"N.H. Ave."*).[3]

DFD has the burden of proving that the criteria of § 1408(1) are not met. *See, e.g., In re First Summit Development Corp.,* Bankr. No. 89–12209S, slip op. at 2, 1989 WL 118552 (Bankr.E.D.Pa. Oct. 5, 1989); *Oklahoma City, supra,* 98 B.R. at 197; and *In re Pick,* 95 B.R. 712, 714 (Bankr.D.S.D.1989). We are somewhat troubled by the untimely nature of the filing of the motion, after the 60–day-from-case-filing benchmark which we set forth in *First Summit, supra,* slip op. at 2–3; *Boca Raton, supra,* 105 B.R. at 275 n. 2; and *N.H. Ave.,* 85 B.R. at 305. Much of the simple administration of this no-asset case is completed and would possibly have to be duplicated in the DNJ if we grant the motion. However, these considerations are less decisive of a motion based upon § 1408, which alleges that venue is improper, than a motion based on § 1412, which seeks to change, for the *convenience* of the parties, a properly-venued case under § 1408.

Clearly, the Debtor does not have his domicile or residence in this district. DFD argues that this district is also not the Debtor's "principal place of business" because he works in New Jersey and that the locus of PCK in this district does not concern the "principal assets" of the Debtor because the PCK stock is valued as worthless on the Debtor's Schedules.

We do not agree that the Debtor's employment in New Jersey is relevant to the determination of his "principal place of business." Being employed in a certain district is not the equivalent of doing busi-

**2.** This fact, in itself, would not support a finding that this court is a basis for venue. *See In re Spillane,* 75 B.R. 266, 268 (Bankr.D.R.I.1986).

**3.** For this reason, the case cited by DFD at the close of the hearing in support of its position, *In re Butcher,* 46 B.R. 109 (Bankr.N.D.Ga.1985), is inapposite.

ness there. *See Higgins v. State Loan Co.*, 114 F.2d 25, 26–27 (D.C.Cir.1940); *In re Price*, 231 F. 1001, 1002 (S.D.N.Y.1916); *In re Lipphart*, 201 F. 103, 105 (S.D.N.Y. 1912); and *In re Vann*, 3 B.R. 192, 193–94 (Bankr.E.D.Pa.1980). As the *Higgins* court explains, 114 F.2d at 27:

> A person operating his own business ordinarily obtains credit on the faith of it, and the place where he carries it on may properly be assumed to have a continuity and distinctive character.... One, at least of the objects of the jurisdiction provision is to prevent imposition upon creditors and fraudulent discharges, and this purpose might be defeated if a petition could be filed in the District where employment only, without identification, is shown. It would seem reasonable to conclude, therefore, that whatever meaning the phrase "place of business" may have generally, as used in the Bankruptcy Act for jurisdiction purposes it means a place where the bankrupt has a business of his own.

This observation is borne out by the facts here. Both of the indebtednesses to the Debtor's creditors arose from his dealings with PCK, his business. DFD was the seller of the business to PCK, Venice was its landlord, and the Debtor was apparently a guarantor of PCK's unfulfilled obligations to both.

The situs of a corporation is generally considered to be the place of its incorporation. *In re Tennessee Construction Co.*, 207 F. 203, 205 (S.D.N.Y.1913), *aff'd*, 213 F. 33 (2d Cir.1914); and *In re Ryan*, 38 B.R. 917,'919 (Bankr.N.D.Ill.1984). The currently-inactive status of a corporation in which an individual debtor has an interest is of limited significance in the consideration of whether it constitutes the debtor's principal business. *See In re Evans*, 12 F.Supp. 953,

955 (W.D.N.Y.1935), *aff'd*, 85 F.2d 92 (2d Cir.1936); and *Ryan, supra*, 38 B.R. at 920. *Cf. In re Guanacevi Tunnel Co.*, 201 F. 316, 319 (2d Cir.1912). Also of limited significance is the current low level of corporate activity of the Debtor's business operations. *See Evans, supra*, 12 F.Supp. at 955–56; *In re Mackey*, 110 F. 355, 358–59 (D.Del.1901); and *Ryan, supra*, 38 B.R. at 920. *Cf. In re American Bond & Mortgage Co.*, 61 F.2d 875, 878 (7th Cir.1932); and *Guanacevi, supra*, 201 F. at 319.

What is significant is that PCK constitutes the Debtor's principal and indeed his only business venture as an entrepreneur. The current activity level of PCK is diminished, since it is no longer operating a restaurant. However, we are not prepared to say that it is totally dormant. The Debtor credibly testified that his primary activity is attempting to re-establish a restaurant business owned by PCK. The situs of any restaurant operated by PCK clearly has been and will be in this district, as it is a Pennsylvania corporation holding, as its principal asset, a Pennsylvania liquor license.

We therefore conclude that the Debtor has correctly designated this district as the situs of his "principal place of business." [4] This court is thus properly invoked as the basis for venue for this case. Consequently, DFD's motion will be denied in an accompanying Order.

---

[4] We acknowledge that, at the hearing of November 28, 1989, we expressed the belief that the dormancy of PCK's operations rendered this designation inappropriate. However, we were, at that juncture, unenlightened by the research contained in this Opinion. We suggested, at that hearing, that the Debtor's only potential basis to claim venue here was that this jurisdiction was the situs of his "principal assets," a contention made problematic by his value of the stock of PCK at zero (0). Our review of *Mackey, supra*, 110 F. at 358–59; and *Ryan, supra*, 38 B.R. at 920, convinces us that the value of these assets does not affect the fact that they are of principal significance to the Debtor's past and present entrepreneurial plans. Therefore, venue in this district could alternatively be based upon the fact that the "principal assets" of the Debtor are here.