UNION OIL COMPANY OF CALIFORNIA, a corporation and D. W. Clark, Appellants,

v.

Murray D. AGATE, Trustee in Bankruptcy of the Estates of Alton C. Simmons, Cecelia Mae Simmons, Alvin L. Simmons, Oda Jane Simmons and Lawrence W. Simmons, individually and as co-partners dba Alpine Lodge, bankrupts, Appellee.

No. 16119.

United States Court of Appeals
Ninth Circuit.

June 17, 1959.

**356**

Williams & Alley, David R. Williams, Wayne E. Alley, Portland, Or., for appellant.

Koerner, Young, McColloch & Dezendorf, Herbert H. Anderson, Portland, Or., for appellee.

Before ORR, FEE, and HAMLEY, Circuit Judges.

ORR, Circuit Judge.

Five persons named Simmons were partners doing business as Alpine Lodge.

In May 1954, the partnership made four transfers as follows:

1. To D. W. Clark, May 3, 1954, an account receivable from C. E. Grooms, worth $229.91.

2. To D. W. Clark, May 3, 1954, an account receivable from Oregon Film Service, worth $422.24.

3. To D. W. Clark, May 20, 1954, the sum of $228.85.

4. To Union Oil Company of California, May 20, 1954, the sum of $2271.15.

On August 9, 1954, A. C. Simmons and C. M. Simmons, two of the partners, filed voluntary petitions requesting that they be adjudicated bankrupts and were so adjudicated on said date.

On August 10, 1954, the remaining partners filed similar voluntary petitions and were on the same day adjudicated bankrupts. These adjudications brought in all of the individual partners of the Alpine Lodge partnership.

On March 25, 1955, appellee filed a request that Alpine Lodge, the partnership, be adjudicated a bankrupt pursuant to section 5, sub. i of the Bankruptcy Act, 52 Stat. 485 (1938), 11 U.S.C.A. § 23, sub. i, and as a result the partnership was adjudged bankrupt and on April 12, 1955 filed schedules of its estate in bankruptcy.

Thereafter it was held that the transfers heretofore mentioned were voidable preferences under section 60 of the Bankruptcy Act, 64 Stat. 24 (1950), 11 U.S.C.A. § 96.[1] This section provides that transfers made by a debtor within four months of the filing of the petition initiating its proceeding in bankruptcy may be avoided if the transfers were made under certain circumstances. Such circumstances were found to be present in this action by the trial court, which finding is not contested on this appeal.

The question for determination is: Did the filing of the petition of bankruptcy of all the partners constitute the filing of a petition by the partnership (the debtor who made the transfers) initiating a proceeding under the Bankruptcy Act?

The trial court answered this in the affirmative and we are in accord.

Prior to 1938 it was held that a partnership was not to be adjudicated bankrupt except on its own petition even though all the partners had been so adjudicated, Collier, Bankruptcy, § 5.38, at 742; Comment, 49 Yale L.Rev. 908 (1940), but section 5, sub. i was amended in 1938 so that it now provides, in its pertinent part, that "where all the general partners are adjudged bankrupt, the partnership shall also be adjudged

---

1. "A preference is a transfer * * * of any of the property of a debtor to * * a creditor * * * made * * * within four months before the filing by or against him of the petition initiating a proceeding under this title * * *"

bankrupt." This seems to us a plain provision that once all the partners have been adjudged bankrupt, no further petition is necessary to bring the partnership within such adjudication.[2] This conclusion is borne out by the legislative history. House Report No. 1409 on H.R. 8046, 75th Cong. 1st Sess. 35 (1937); Sen.Rep.No.1916 on H.R. 8046, 75th Cong. 3rd Sess. 12 (1938).

Therefore the filing of the petitions of the three partners on August 10, 1954 (within four months of the transfers) sufficed to bring the partnership within the jurisdiction of the Bankruptcy Court, the other partners having filed on August 9, 1954. No further action was required of the partners or the creditors.

The so called petition filed March 25, 1955, relied upon by appellants as fixing the date of the initiation of partnership bankruptcy proceedings was filed by appellee who at the time was trustee of the individual partners' estates in bankruptcy. He was without authority or standing to file such a petition being neither a partner nor a creditor of the partnership. Bankruptcy Act § 59, 52 Stat. 868 (1938), 11 U.S.C.A. § 95. His action was no more than a request that the court perform a duty which appellant erroneously thought was required pursuant to section 5, sub. i.[3]

The petition filed by the partners A. L. Simmons, C. J. Simmons, and L. W. Simmons on August 10, 1954 brought the partnership under the jurisdiction of the court and thereby fixed the time from which the question of whether the transfers were voidable preferences is measured.

Affirmed.

**2.** "Petition" is defined in § 1(24) of the Bankruptcy Act. 66 Stat. 420 (1952), 11 U.S.C.A. § 1(24) as meaning "a document filed in a court of bankruptcy * * initiating a proceeding under this title." Reading that definition in conjunction with § 5, sub. i stating that a partnership will be adjudicated if all the partners are, bears out the conclusion that it is the petitions of the partners as individuals that start the time important to § 60 in the circumstances of this case.

**3.** A further paper filed in the Bankruptcy proceeding and claimed by appellant to be the petition in bankruptcy of the partnership was filed on April 12, 1955, thirteen days after the partnership was adjudicated bankrupt on March 31, 1955. Obviously that paper was not the petition initiating the bankruptcy proceeding.