**In re FARMER'S MARKET, a limited partnership, Bankrupt.**

**Bankruptcy No. BK–79–05604–PE.**

United States Bankruptcy Court, C. D. California.

March 13, 1980.

Robert A. Fisher, Newport Beach, Cal., for Official Creditors' Committee.

Robert H. Stopher, Santa Ana, Cal., trustee.

Charles F. Rosen, Bankruptcy Attorney, Los Angeles, Cal., for U. S. Trustee's Office.

Stanley W. Minier, Alberts & Minier, Santa Ana, Cal., for trustee.

C. E. H. McDonnell, Tustin, Cal., for bankrupt.

**224**

## ORDER VACATING ORDER CLARIFYING ORDER OF ADJUDICATION

PETER M. ELLIOTT, Bankruptcy Judge.

On February 29, 1980, upon the application of William W. Wilcox, a limited partner of Annuity Investment, Inc., bankrupt, in Case No. BK–79–05604–PE, and pursuant to Bankruptcy Rule 105(d), I ordered that Farmer's Market be adjudged a bankrupt on the grounds that Annuity Investment, Inc. was the sole general partner of Farmer's Market, a limited partnership. Assuming that *Union Oil v. Agate*, 268 F.2d 355 (9th Cir. 1959), controlled, I directed that Farmer's Market be adjudged a bankrupt as of May 25, 1979, when the involuntary petition was initially filed against Annuity Investment.

In a separate adversary proceeding entitled *Hamill and Wilcox v. Etchegoyen et al.*, the date that Farmer's Market was adjudicated a bankrupt becomes important. If the date relates back to May 25, 1979, the foreclosure sale subsequent thereto is void as in violation of Bankruptcy Rule 601. If the date of bankruptcy is not until the Order was entered on March 3, 1980, after the foreclosure sale, then the sale is not void.

I came to the conclusion that I was in error in adjudicating Farmer's Market *nunc pro tunc* as of May 25, 1979. As pointed out in 1A *Collier on Bankruptcy* (14th Ed.) ¶ 5.13 at p. 714, Bankruptcy Rule 105 was promulgated subsequent to the decision of *Union Oil Co. v. Agate*, and adjudication of the partnership is no longer automatic when all general partners have been adjudicated. Rather, in view of Rule 105(d) providing for the adjudication of a partnership only upon the application of a party in interest, the time of adjudication should be fixed as the date of the ruling on the order.

Since we have the situation of the general partner filing in May of 1979 under the Bankruptcy Act of 1898, and an application under Rule 105(d) filed in February of 1980, it is appropriate then to enter an order for relief against the limited partnership under the new Bankruptcy Code, and, of course, the provisions of the Bankruptcy Code would thereafter govern the administration of the limited partnership case.

IT IS THEREFORE ORDERED that the Order Clarifying Order of Adjudication entered under the name of Farmer's Market, a limited partnership, bankrupt, in Case No. BK–79–05604–PE on March 3, 1980 is hereby vacated and a new and separate order for relief will be entered and filed *nunc pro tunc* as of February 29, 1980 with a new number to be assigned by the Clerk of this Court.

That portion of the Order entered March 3, 1980 which appoints Robert Stopher, Trustee of Annuity Investment, as Receiver in the matter of Farmer's Market, is necessarily vacated along with the Order entered March 3, 1980. It is the duty of the U. S. Trustee to appoint an interim trustee for Farmer's Market under the new Code. The petitioning creditors will be required to advance a $60 filing fee, rather than a $50 filing fee as heretofore ordered.