**In re Michael P. RYAN, Debtor.**

**Bankruptcy No. 84 B 2138.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 10, 1984.

Gardner, Carton & Douglas, Chicago, Ill., for trustee.

Wallace H. Spalding III, Louisville, Ky., for debtor.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause came to be heard upon the motion to determine venue filed by DON-ALD C. SHINE, as Trustee for 33 debtors-in-possession in the consolidated proceedings before this Court entitled *In re Cash Currency Exchange, Inc.*, 37 B.R. 617 (D.C.Ill.1984), represented by GARDNER, CARTON & DOUGLAS, and upon the response of MICHAEL P. RYAN [Debtor], represented by WALLACE H. SPALDING III, 539 West Market Street, Suite 300, Louisville, Kentucky 40202, in opposition to the motion to determine venue, and the Court having reviewed the pleadings filed in this matter and the voluntary petition filed by Debtor in the United States Bankruptcy Court for the Western District of Kentucky, and having examined the memoranda of law filed by respective counsel for the parties and by the United States Trustee and having afforded the parties an opportunity for hearing, and being fully advised in the premises;

The Court Finds:

1. In January of 1983, the Debtor and some 40 of the 57 corporate entities owned and controlled by Debtor were involved as parties defendant in civil litigation before the United States District Court for the Northern District of Illinois, docket no. 83 C 349, brought by TRAVELERS EXPRESS CO., INC. [Travelers Express], a Minnesota corporation. In its complaint, Travelers Express claimed that Debtor and his affiliate corporations were involved in operating a chain of currency exchange and management companies in Illinois and in other states. Travelers Express further claimed that during a three-week period in January of 1983, Debtor and his affiliate corporations collected over $14 million dollars from the sale of blank money orders issued by Travelers Express, which monies were not remitted to Travelers Express as required by the parties' trust agreements.

On February 4, 1983, the District Court entered an order which found, *inter alia,* that Debtor and his affiliate corporations had improperly failed to remit over $14 million dollars in proceeds of blank money order sales to Travelers Express. Included

in that figure were $1 million dollars in blank money orders which had been issued to the Debtor, individually. Debtor and his affiliates were preliminarily enjoined from making further sales of Travelers Express money orders, and were ordered to return all blank money orders, equipment and accounting slips relating to those money orders to Travelers Express.

On January 31, 1983, officials of the State of Illinois caused to be placed into receivership 33 of Debtor's affiliate corporations, each involved in the operation of a currency exchange business in that state. Ten days later, on February 10, 1983, each of Debtor's 57 affiliate corporations filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. Those individual cases were consolidated by order entered February 11, 1983. This Court has thereafter been engaged in the administration of the several estates of the above debtors-in-possession in proceedings entitled, *In re Cash Currency Exchange, Inc.*, 37 B.R. 617 (D.C.Ill.1984). DONALD C. SHINE [Trustee] was appointed Trustee for the 33 affiliate Illinois currency exchange corporations.

2. On February 21, 1984, the 57 debtors-in-possession, noted above, together with Travelers Express, filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Debtor in the Northern District of Illinois. One week later, on February 28, 1984, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Kentucky, Case No. 38400388. Thereafter, the Trustee filed the present motion to determine venue under Rule 1014(b) of the Federal Rules of Bankruptcy Procedure.

3. A hearing was held on the Trustee's motion on March 9, 1984, attended by counsel for petitioners. Also present was local counsel, Julian Frazin, who purported to enter an appearance on behalf of attorney Wallace H. Spalding III, counsel for Debtor in the Kentucky bankruptcy proceedings. At that hearing, the Court invited the parties to respond in writing to the motion to determine venue. On March 23, 1984, Debtor filed in this Court a pleading captioned as the "Response of Michael P. Ryan to Motion to Determine Venue." Attorney Spalding appeared before this Court on April 2, 1984 to argue the merits of the Trustee's motion to determine venue. The Court deems the involvement of attorney Spalding in these proceedings to constitute his entry of a general appearance on behalf of Debtor in these proceedings.

4. Examination of the schedules appended to Debtor's voluntary Chapter 7 petition filed in the Western District of Kentucky has disclosed that Debtor has substantial business ties and property located in the Northern District of Illinois. Both of Debtor's priority creditors, the Internal Revenue Service and the Illinois Department of Revenue, are present within this District. Twenty-eight of Debtor's 33 scheduled secured creditors are found here, compared to only one secured creditor located in the State of Kentucky.

When the $12 million dollar secured claim of Travelers Express is aggregated with the value of the "known" debt held by scheduled Illinois secured creditors, the sum would amount to $15,986,544.00, or 97% of Debtor's scheduled secured debt. This figure may, in fact, understate the extent of the secured debt held by Debtor's Illinois creditors, as the value of the claims held by six such creditors is scheduled as "unknown." In contrast, the sole scheduled Kentucky secured creditor holds a claim of $14,000.00, which constitutes approximately .0009% of Debtor's $16,473,-044.00 "known" scheduled secured debt.

5. Of Debtor's 34 scheduled unsecured creditors, 20 are located in Illinois. Three are in Kentucky. The aggregate value of the debt held by Debtor's "known" unsecured Illinois creditors is $66,769.85, or 63.8% of his outstanding unsecured debt of $104,619.85. The debt owed to four of Debtor's Illinois unsecured creditors is listed as "unknown." The $9,300.00 owed Debtor's three scheduled Kentucky unse-

cured creditors amounts to less than 9% of the scheduled unsecured debt.

6. It further appears that all of Debtor's real assets are situated within the bounds of the 7th Circuit, within 125 miles of this Court. Five of Debtor's seven parcels of realty, having an aggregate value of $1,782,000.00, are situated in the Chicago area. One parcel, valued at $25,000.00, is located in Milwaukee, Wisconsin. The remaining parcel, valued at $120,000.00, is located in Gary, Indiana. Debtor's schedules disclose that 12 foreclosure actions are pending against him in the Circuit Court of Cook County, Illinois. Debtor's schedules fail to reflect whether those foreclosure actions are lodged against his Illinois realty.

7. Debtor's Kentucky schedules disclose his 100% ownership interest in Cash Currency Exchange, Inc., which corporation is one of the 57 corporations before this Court in the consolidated action captioned, *In re Cash Currency Exchange, Inc.* Debtor's schedules fail to disclose his connection or affiliation with the remaining 56 debtors-in-possession before the Court in the consolidated case of *In re Cash Currency Exchange, Inc.*

The Court Concludes and Further Finds:

■ 1. Initially, the Court would observe that venue over Debtor's Chapter 7 case could theoretically lie either in the Western District of Kentucky or within the present District. Venue in Kentucky would be permissible because the Debtor evidently resides within that District. 28 U.S.C.A. § 1472 (Supp.1983). Venue in the Northern District of Illinois is proper because Debtor's principal assets and his principal place of business are located here. Venue is also proper in this District due to the pendency here of Title 11 proceedings affecting Debtor's 57 affiliate corporate entities. 28 U.S.C.A. § 1472(1), (2) (Supp. 1983).

Debtor asserts that he has neither assets nor business in Illinois because (1) he is unemployed, and allegedly does not conduct business in any district; and (2) his assets located here are so encumbered with debt as to have, in Debtor's view, no value. These contentions, which incidentally, employ the Random House Dictionary as their sole supporting authority, are not meritorious. Debtor's principal assets and the liabilities accompanying those assets provide the basis for venue of this case in this District. Indeed, the extent of Debtor's business ties and property in this District are staggering.

■ Fifty-seven corporations in which Debtor holds at least a 20% ownership interest are liquidating or are reorganizing here in Illinois. Debtor is an affiliate of these corporations. *See* 11 U.S.C.A. § 101(2)(A) (1979). Whether these businesses are presently viable or are in the process of winding up is not relevant to this venue inquiry, because the principal place of business of a company undergoing liquidation is in the district where the "winding up" activity is taking place. *See In re Evans*, 85 F.2d 92, 93 (2d Cir.1936). In addition, the bulk of Debtor's investment real property, in terms of both number of parcels and in aggregate value, is located here, in the Chicago area. Inasmuch as Debtor claims to be otherwise "unemployed", it would appear that his principal place of business, for purposes of the Bankruptcy Code, would be located in Illinois and not in Kentucky.

■ 2. Venue being permissible both in this District and in the Western District of Kentucky, this Court is obliged, under the relevant rules of procedure, to determine the court or courts in which Debtor's Chapter 7 case is to proceed. Rule 1014(b) of the Federal Rules of Bankruptcy Procedure provides:

If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, ... on motion filed in the court in which the first petition is filed and after hearing on notice to the petitioners and other persons as directed by the court, the court may determine, for the convenience of the parties and witnesses, in the interest of justice the court or courts in which the

case or cases should proceed. Except as otherwise ordered by the court in which the first petition is filed, the proceedings on the other petitions shall be stayed by the courts in which the petitions have been filed until the determination is made. The courts in which petitions have been filed shall act in accordance with the determination.

The present involuntary petition was filed against Debtor on February 21, 1984, exactly one week prior to Debtor's institution of voluntary Chapter 7 proceedings in the Western District of Kentucky. This Court, therefore, is the proper forum in which to determine the venue of Debtor's voluntary Chapter 7 proceeding. In the exercise of this Court's discretion under Bankruptcy Rule 1014(b), and in consideration of the convenience of the parties and in the interest of justice, the Court concludes that the voluntary Chapter 7 proceeding filed by Debtor in the United States Bankruptcy Court for the Western District of Kentucky, docket number 38400388, shall be transferred to this District for administration and ultimate disposition.

3. When determining whether the transfer of a given cause would be in the interest of justice and work to the greater convenience of the parties, courts have considered a number of factors which focus on the relationship of the action to the parties and property found within the forum. These factors include (1) proximity of creditors to the court; (2) proximity of the debtor to the court; (3) the location of witnesses necessary to the administration of the estate; (4) the location of debtor's assets; (5) the ability to conduct an economical and efficient administration of the estate in the forum; and (6) the existence of any "intertwined relationships" between the instant debtor and his affiliates or other debtors before the court. *See In re Bankers Trust*, 403 F.2d 16, 23 (7th Cir.1968); *In re Hadar Leasing International Co., Inc.*, 14 B.R. 819, 820 (S.D.N.Y.1981).

4. Applying these factors in common sense fashion to this litigation, the conclusion is inescapable that Debtor's Chapter 7 case should be adjudicated in the Northern District of Illinois. Most of Debtor's creditors are located in this District, and Debtor's largest creditor, Travelers Express Co., Inc., has brought its $12 million dollar secured claim to this forum. Debtor's real property is located here, or close by. The several foreclosure actions in which Debtor is a party defendant are pending here in the Circuit Court of Cook County, Illinois. In addition, 57 debtors-in-possession, to which Debtor is an affiliate, have been in reorganization proceedings here for more than one year. Grave injustice and inconvenience would result if all of the parties to these claims involving Debtor would be required to litigate their claims, at great expense and inconvenience, in the Western District of Kentucky where Debtor has few creditors, is unemployed and maintains an apartment. The only fair course of action, and the proper one, in light of Bankruptcy Rule 1014(b) is to require that Debtor adjudicate his bankruptcy case in this District and it shall be so ordered.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of DONALD C. SHINE, Trustee, to determine venue, be and the same is hereby, granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MICHAEL P. RYAN, Debtor, shall, in conformity with this order, cause his voluntary Chapter 7 case now pending before the United States Bankruptcy Court for the Western District of Kentucky captioned *In re Michael P. Ryan*, docket no. 38400388, to be transferred to the Northern District of Illinois, Eastern Division.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MICHAEL P. RYAN'S voluntary Chapter 7 case pending in the Western District of Kentucky, upon transfer to this judicial District, shall be consolidated with the instant involuntary Chapter 7 case now pending against Debtor, as permitted by Bankruptcy Rule of Procedure 1015(a).