**In re Charles Granville LAMB f/d/b/a Rubenstein's, A Partnership, Debtor.**

**Bankruptcy No. 1-84-00487.**

United States Bankruptcy Court,
E.D. Tennessee.

May 18, 1984.

## AMENDED ORDER

RALPH H. KELLEY, Bankruptcy Judge.

The court's order of May 15, 1984, is hereby amended by substituting the following order.

The trustee in bankruptcy for a partnership known as Rubenstein's recovered in this court a judgment against Charles Lamb holding him liable as a partner for the partnership's debts. *In re Rubenstein's*, 36 B.R. 184 (Bankr.E.D.Tenn.1983). Three of the partnership's creditors then filed in this court an involuntary petition in bankruptcy against Charles Lamb. About a week later, Charles Lamb filed a voluntary petition in bankruptcy in the Western District of Kentucky. The trustee then filed in this court a motion under Rule 1014(b) for the court to determine which bankruptcy case should proceed.

The motion came on for hearing but there was no evidence as to which case should proceed or whether the involuntary petition should be transferred to Kentucky. The hearing turned out to be only a legal argument as to whether this court or the court in Kentucky should rule on venue under Rule 1014(b). The court will rule on the legal argument and leave open the question of venue.

Bankruptcy Rule 1014(b) provides:

If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor ... on motion filed in the court in which the first petition is filed and after hearing on notice to the petitioners and other persons as directed by the court, the court may determine, for the convenience of the parties and the witnesses, in the interest of justice the court or courts in which the case or cases should proceed. Except as otherwise ordered by the court in which the first petition is filed, the proceedings on the other petitions shall be stayed by the courts in which the petitions have been filed until the determination is made. The courts in which petitions have been filed shall act in accordance with the determination.

The rule appears to say that this court will rule on venue because the involuntary petition was filed here on March 23, 1984, before Charles Lamb filed his voluntary petition in Kentucky on March 30, 1984. The rule is also clear that proceedings in the voluntary case in Kentucky should have been stayed by the Kentucky court.

The court in Kentucky did not stay proceedings in the later voluntary case pending there. This court enjoined Charles Lamb, his creditors, and the trustee in the voluntary case from proceeding but Lamb obtained an order from the Kentucky court allowing the case to proceed there to the extent of holding the meeting of creditors.

Charles Lamb contends that the Kentucky court is the proper court to determine venue under Rule 1014(b). The rule specifically refers to petitions filed by or against a debtor, thus including involuntary petitions. Lamb argues, however, that Rule 1014(b) really means that venue should be determined by the first court to enter an order for relief.

The court in Kentucky entered the first order for relief because filing of the voluntary petition constituted an immediate order for relief. 11 U.S.C. § 301. The order for relief is not automatic when an involuntary petition is filed. The debtor is given an opportunity to oppose the petition. The order for relief will be entered only if the debtor does not defend or defends and loses. 11 U.S.C. § 303(h). This court has not entered an order for relief against Charles Lamb.

The distinction between commencement of a case and entry of the order for relief is

well known to lawyers moderately familiar with bankruptcy law. No doubt the distinction was understood by the drafters of Rule 1014(b). The court cannot believe that the drafters of the rule chose filing of the first petition as the controlling event if they meant entry of the first order for relief. Suppose they had chosen entry of the order for relief. They would have answered the question raised in this situation, where the first petition is an involuntary petition, without changing the result that will be reached in all other situations under the present wording of the rule. The court does not believe the drafters were so ignorant of bankruptcy law that they missed this point.

Charles Lamb argues, somewhat unclearly, that the drafters did not miss the point but indirectly referred to entry of the order for relief by focusing on a petition *commencing a case under the Code*. The argument is that an involuntary petition does not necessarily commence a case because it may be dismissed for failure to meet the requirements as to number of petitioning creditors and amount of their debts.

Section 303(g) of the Code makes it clear the filing of an involuntary petition creates a bankruptcy estate of the alleged debtor's interests in property even though an order for relief may never be entered. Creation of a bankruptcy estate occurs only on commencement of a case. 11 U.S.C. § 541(a). Furthermore, § 303(g) allows appointment of a trustee before entry of an order for relief. This makes it clear that the filing of an involuntary petition commences a case without regard to whether an order for relief is ever entered.

Section 303(g) also makes it clear that the court has jurisdiction of the alleged debtor and his property from the time of filing of the involuntary petition even though an order for relief may not be entered until later or may not be entered at all.

Lamb's argument that an involuntary petition does not necessarily commence a case also applies to voluntary petitions. For example, a debtor can file a voluntary petition under Chapter 13 of the Code even though the debtor is not eligible for relief under Chapter 13. It can be argued that such a petition does not commence a case. There is some truth to the argument. The court, however, does not believe that the drafters of the rule meant for the courts to investigate the legality of all the petitions pending by or against one debtor simply to determine which petition first commenced a case. This is the interpretation that Charles Lamb would give to the rule since it refers to petitions commencing cases and not to entry of orders for relief.

Finally, the rule will reach a more practical result if it focuses on physical filing of the first petition, rather than entry of the first order for relief or filing of the first legal petition. Lamb argues that the later-filed voluntary case should proceed because an order for relief may never be entered on the earlier involuntary petition. This argument ignores the more serious problems that will result if the voluntary case proceeds and an order for relief is entered on the earlier involuntary petition. The involuntary case will be the first case and should take precedence. The rights of the trustee in the involuntary case generally will accrue at the time of filing of the involuntary petition. He may be able to require the trustee and other parties in the voluntary case to undo what they have done. The proper procedure is to ask the court where the involuntary petition was filed to let the voluntary case proceed but in such a way that the rights of the petitioning creditors will be protected. There is always the possibility that creditors will rush to the courthouse with an unfounded involuntary petition in order to cut off the expected filing of a voluntary petition, but the court where the involuntary petition is filed can consider this fact in ruling on a motion under Rule 1014(b) or in deciding whether to allow the voluntary case to proceed.

Charles Lamb also raised another purely legal argument that can be dealt with at this time. He argued that a trustee in

bankruptcy is not entitled to file an involuntary bankruptcy petition against a person indebted to the bankruptcy estate and the claims of the three petitioning creditors were merged in the trustee's judgment. The court will address the questions in that order.

■ The question is whether the trustee of the partnership who has a judgment against a partner under Bankruptcy Code § 723 is the "holder of a claim" within the meaning of Code § 303(b)(1) & (b)(2). Section 303(b)(3) is not relevant since it applies to involuntary petitions against partnerships. Section 723(a) provides:

> If there is a deficiency of property of the estate to pay in full all claims allowed in a case under this title concerning a partnership, then each general partner in such partnership is liable to the trustee for the full amount of such deficiency.

The trustee recovered the judgment against Charles Lamb under this subsection.

Bankruptcy Code § 101(4) defines claim in part as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured". Under this definition, the trustee of a bankrupt partnership has a claim against a non-bankrupt general partner whenever the partnership's assets do not satisfy its debts. In this case, the claim has been reduced to judgment.

Section 723(c) even uses the word "claim" in describing the partnership trustee's right to recover from a general partner that is in bankruptcy.

> Notwithstanding § 728(c) of this title, the trustee has a claim against the estate of each general partner ... that is a debtor in a case under this title for the full amount of all claims of creditors allowed in the case concerning such partnership....

The court sees nothing in these statutes that would disqualify the trustee from filing an involuntary petition against Charles Lamb under § 303(b)(1) or (b)(2).

Under the previous bankruptcy statutes, the trustee for all or some of the general partners could not commence an involuntary case against the partnership. *Union Oil Co. v. Agate*, 268 F.2d 355 (9th Cir. 1959); *Kaufman & Brown Potato Co. v. Long*, 182 F.2d 594 (9th Cir.1950); *In re Segal*, 157 F.Supp. 232 (S.D.Calif.1957). These decisions are irrelevant to the question at hand—whether the partnership trustee who has established a claim against a general partner can file an involuntary petition against that partner.

In another case under the old law, the court held that a receiver in bankruptcy could not commence an involuntary case against a person indebted to the bankrupt debtor. The court held that the receiver was not the holder of a claim against the other person because the receiver was merely a custodian of property. The court distinguished the rights of a trustee who succeeds to the bankrupt debtor's rights. *In re Smith*, 32 F.2d 386, 13 A.B.R. (N.S.) 338 (D.Ct.S.D.N.Y.1928). The decision implies that a trustee can file an involuntary petition against debtor of the bankruptcy estate. The trustee's status as trustee does not by itself disqualify him from filing an involuntary petition against Charles Lamb.

■ The court is also of the opinion that the merger argument is wrong. There is nothing about a partnership's bankruptcy and a trustee's judgment under § 723 against one of the partners that deprives the partnership's creditors of their individual "claims" against the partner. Certainly three of the partnership's creditors should be able to commence an involuntary case against the partner despite the trustee's judgment under § 723. The court does not believe that § 723 was meant to deprive them of this right. Section 723 simply provides one means of collecting from a partner on behalf of the partnership's creditors. The partner can be protected from having to pay twice without holding that

the partnership's creditors cannot commence an involuntary case against him.

The involuntary petition has also been amended to add three creditors—the trustee and two partnership creditors who did not file claims in the partnership case and whose claims were not included in determining the amount of the trustee's judgment. Their claims total much more than the requisite amount. Thus, there is no question but that the petition meets the requirements as to the number of petitioning creditors and the amount of their debts.

In summary, the court concludes that it is the proper court under Rule 1014(b) to determine which bankruptcy case should proceed. The court, however, makes no decision as to which case should proceed because there was no evidence introduced from which the court could determine the convenience of the parties and the interest of justice. The only evidence before the court is that Charles Lamb has filed a voluntary petition in bankruptcy in the Western District of Kentucky. The court will set another date for the introduction of evidence if the parties desire to have the court hear witnesses. In the interest of economy, the parties may desire that a decision be made on stipulations and other written evidence.

Rule 1014(b) also provides that the Kentucky court shall stay the case there except as otherwise allowed by this court pending a decision on venue. The Kentucky case could probably proceed to some extent without harm to the interests of the petitioning creditors in the involuntary case. The parties have not argued the point. It is not clear to what extent the Kentucky case is proceeding and there is already an apparent conflict between this court and the Kentucky court. The court therefore makes no decision as to how the Kentucky case should proceed.

Charles Lamb's answer to the involuntary petition raises only one defense—filing of the voluntary petition. This is not a good defense. An order for relief can be entered unless § 303(h) requires a trial. It may or may not require a trial depending on whether the controversy can be disposed of on motion under Bankruptcy Rule 1011(c) or 1018. In any event, it would be better to rule on the motion under Rule 1014(b) first, since the decision may stay proceedings on the involuntary petition.

The court also finds that the circumstances warrant review of this order by the district court under paragraph (e)(2)(A)(ii) of the Emergency Rule for the Administration of the Bankruptcy Courts.

Accordingly, it is ordered that—

This court is the proper court to determine venue under Bankruptcy Rule 1014(b).

An evidentiary hearing on the motion to determine venue will be held on June 19, 1984 at 1:30 P.M., in Room 404, U.S. Post Office and Courthouse, Chattanooga, Tennessee.

This order is certified to the United States District Court for this district and division for review under Emergency Rule (e)(2). At Chattanooga, Tennessee.