### In the Matter of FIRST FEDERAL CORPORATION, Debtor.

**Bankruptcy No. 85-141.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 13, 1985.

See also, 50 B.R. 417.

Charles F. Ketchey, Tampa, Fla., for Douglas Stark.

Larry Foyle, Tampa, Fla., for Petitioning Creditors.

Albert I. Gordon, Tampa, Fla., for debtor.

Douglas Stark, Harrisonburg, Va., Interim Trustee for Debtor when case was pending in Virginia.

ORDER ON MOTION TO DISMISS, MOTION FOR RELIEF FROM AUTOMATIC STAY AND MOTION TO TRANSFER VENUE FILED BY DOUGLAS T. STARK, INTERIM TRUSTEE AND ORDER ON MOTION FILED BY DEBTOR IN RESPECT TO STARK'S MOTION FOR RELIEF FROM AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matters under consideration are several Motions filed by Douglas T. Stark, the Interim Trustee in a Chapter 7 case involving First Federal Mortgage Corporation, which case is currently pending in the Bankruptcy

Court for the Western District of Virginia. The Motions are a Motion to Dismiss the Chapter 11 case; Motion for Relief From the Automatic Stay and a Motion to Transfer Venue. In addition, at the duly scheduled hearing the Debtor brought to the Court's attention the Debtor's consent to a partial relief from the automatic stay and its own motion to dismiss or strike the remaining portion of the Motion for Relief from the Automatic Stay.

The Court considered the record and having heard argument of counsel for the respective parties now finds as follows:

On January 10, 1985, certain petitioning creditors filed an Involuntary Petition against the Debtor, First Federal Corporation in the Bankruptcy Court for the Western District of Virginia. On January 18, 1985, certain creditors filed an Involuntary Chapter 11 Petition against the same Debtor in this Court. Shortly thereafter, the Debtor filed a consent to the entry for Order for Relief and the Order for Relief was entered in due course by this Court in the presently pending Chapter 11 case. It further appears that prior to the entry for the Order for Relief or shortly thereafter, there was some proceeding conducted in the Western District of Virginia involving a related Debtor and in which hearing the Bankruptcy Court having been advised of the entry of Order for Relief the Court then entered an order and abstained from any further involvement in the Involuntary Chapter 7 case pending in the Western District of Virginia. It is the contention of the moving party, Douglas T. Stark, that the Chapter 11 case pending in this Court should be dismissed on two grounds: First, because the Involuntary Petition filed in this Court was in violation of the automatic stay imposed by § 362 of the Bankruptcy Code by virtue of the Involuntary Petition filed against the same Debtor in the Western District of Virginia; and second, in any event, it was improper for this Court to enter the Order for Relief because this Court should not have exercised jurisdiction because that violated Bankruptcy Rule 1014(b).

Based on the foregoing, this Court is satisfied that the entry of the Order for Relief might have been improper in light of the fact of the pendency of the Involuntary Chapter 7 case in the Western District of Virginia. However, the proper procedure would have been to present the same matter to the Bankruptcy Court in the Western District of Virginia in order to permit that Court to rule whether or not to retain the case in the Western District of Virginia or permit the Chapter 11 case to proceed in this District.

Inasmuch as it appears that there are more than 4,000 creditors involved in this case and in light of the fact that the Meeting of Creditors called pursuant to § 341 has already been scheduled and would be impossible to reschedule, this Court is of the opinion that the Meeting of Creditors shall proceed as originally scheduled provided, however, that the parties shall be permitted to go back to the Court in the Western District of Virginia in order to give that Court an opportunity to reconsider its previous order of abstention in light of the provisions of Bankruptcy Rule 1014(b).

Based on the foregoing, it is proper for this Court to defer ruling on the Motion to Transfer Venue; however, the Motion for Relief from the Automatic Stay should be granted in respect to the adversary proceeding styled: *United States of America v. Ronald J. Briggs, et al.*, No. 5–84–0122; and *Douglas T. Stark, Interim Trustee v. United States of America, et al.*, Adversary Proceeding No. 5–84–0123. The stay shall remain in force as to the other matters referenced in Trustee Stark's Motion for Relief from Automatic Stay until the Court considers the Motion to Transfer Venue.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that:

1. The Motion to Dismiss the Chapter 11 case pending before this Court is denied and the Order for Relief entered herein is not vacated. However, once the United States Bankruptcy Court for the Western

District of Virginia has had an opportunity to reconsider its Orders in view of this Court's finding that it should have not entered the Order for Relief, this Court will then reconsider the decision contained in this Order on the Motion to Dismiss and the issue of whether the Order of Relief entered by this Court should be vacated;

2. Ruling on the Motion to Transfer Venue filed by Trustee Stark is deferred;

3. Relief from the Automatic Stay of § 362 applicable because of the Chapter 11 case before this Court is hereby granted in respect to the two following adversary proceedings: *United States of America v. Ronald J. Briggs, et al.,* Adversary Proceeding No. 5–84–0122; and *Douglas T. Stark, Interim Trustee v. United States of America, et al.,* Adversary Proceeding No. 5–84–0123. The Motion for Relief of Trustee Stark is otherwise denied and the stay shall continue until this Court has had an opportunity to consider the Motion to Transfer Venue filed by Trustee Stark or until further order of this Court; and

4. The Motion to Strike or Dismiss filed by the Debtor in respect to the Motion for Relief from Automatic Stay filed by Trustee Stark is denied.