In re REDDINGTON INVESTMENTS LIMITED PARTNERSHIP–VIII, and Bradley A. Near and Elizabeth R. Near, Debtors.

Bradley A. NEAR and Elizabeth R. Near, Appellants,

v.

GREAT AMERICAN FIRST SAVINGS BANK FSB; Western Savings and Loan Association; and Sunbreeze Apartments Limited Partnership, Appellees.

BAP No. AZ–87–1837 RAsMe.

Bankruptcy Nos. B–86–01498–TUC–LO, B–87–019233–TUC–LO.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted May 18, 1988.

Decided July 15, 1988.

James C. Jacobsen, Jacobsen & Levy, P.A., Albuquerque, N.M., for appellants.

John R. Clemency, Streich, Lang, Weeks & Cardon, Tucson, Ariz., for appellees.

Before RUSSELL, ASHLAND and MEYERS, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

Bradley A. Near and Elizabeth R. Near appeal from an order transferring venue of the Nears' Chapter 11 bankruptcy petition filed in the District of New Mexico to the District of Arizona pursuant to Bankruptcy Rule 1014(b). We reverse.

## STATEMENT OF FACTS

Bradley and Elizabeth Near filed a chapter 11 petition in the United States Bankruptcy Court for the District of New Mexico on June 8, 1987. The Nears are residents and domiciliaries of New Mexico. Mr. Near is President of Reddington Investments, Inc. (Reddington), a real estate syndication company based in El Paso Texas. Mr. Near and Reddington are general partners of eighteen real estate limited partnerships owning properties located in Texas, New Mexico, and Arizona.

The first Reddington Limited Partnership to file for protection under the Bankruptcy Code was Reddington Investments Limited Partnership VIII (Reddington VIII). Reddington VIII filed a voluntary chapter 11 petition on July 30, 1986 in the Western District of Texas. Venue was proper under 28 U.S.C. § 1408. In September 1986 the partnership and its major secured creditors stipulated to the transfer of venue to the District of Arizona.

Subsequent to the Reddington VIII filing, Near filed four other Reddington relat-

ed chapter 11 petitions in Arizona. In addition, there were related bankruptcies pending in New Mexico. Near also filed a chapter 11 petition for the Reddington/El Conquistador Limited Partnership in the New Mexico bankruptcy court on June 8, 1987, the same day he and his wife filed their chapter 11.

On June 9, 1987 Great American First Savings Bank and Western Savings and Loan Association, secured creditors of a number of the Reddington limited partnerships, filed Rule 1014(b) motions in the District of Arizona Bankruptcy Court for a determination of the proper venue for the Nears personal bankruptcy and for the El Conquistador limited partnership chapter 11. The creditors sought transfer of these cases to Arizona. Secured creditors Empire West and Sunbreeze Limited Partnership filed similar motions on June 16, 1987.

An expedited hearing was held on June 18, 1987; however, no notice was given or directed to be given to creditors or parties in interest by the Bankruptcy Court. At the hearing those parties that were present entered into a stipulation agreeing to transfer venue of the El Conquistador bankruptcy to Arizona and agreeing to continue the hearing on venue of the Nears bankruptcy for 90 days. The following parties were present through their counsel; the Nears, the trustee, El Conquistador, Great American, Western Savings and Loan, Empire West, Marmis, Sunbreeze, and Merabank and Meracor Development. Without hearing any evidence or testimony regarding the merits of transferring venue, the Bankruptcy Court ordered the parties to reduce the agreement to writing.

On July 15, 1987, by Minute Entry Order, the Bankruptcy Court denied approval of the stipulation regarding the 1014(b) motions. Without any further proceedings an order was entered on July 27, 1987 transferring both the Near and El Conquistador reorganizations to Arizona pursuant to Bankruptcy Rule 1014(b). The court found "after considering the arguments of counsel and having considered that the debtor Bradley Near is a general partner in more than one Chapter 11 case filed in this District and this Court being the Court in which the first Chapter 11 petition is pending and good cause appearing" that the interests of justice and convenience of the parties would be served by transferring the case. The Nears timely appeal that portion of the order transferring venue of their chapter 11 to Arizona.

## STATEMENT OF THE ISSUES

1. Whether the Arizona Bankruptcy Court was the proper court to rule on the secured creditors 1014(b) motion to transfer venue when the first Reddington affiliated bankruptcy was filed in Texas.

2. Whether the Bankruptcy Court erred in determining that venue in the Near Chapter 11 case should be transferred from New Mexico to Arizona without conducting a hearing and receiving evidence on the issue of the interests of justice and the convenience of the parties.

## DISCUSSION

The Bankruptcy Court's findings of fact are subject to a clearly erroneous standard of review; conclusions of law are reviewed *de novo*. *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir.1985); *In re Mor–Ben Insurance Markets Corp.*, 73 B.R. 644 (9th Cir BAP 1987).

Bankruptcy Rule 1014(b) is applicable where petitions under the Code are filed in different districts by a debtor and an affiliate. In this case Rule 1014(b) provides in pertinent part that:

on motion *filed in the district in which the first petition is filed* and after hearing on notice to the petitioners and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. (Emphasis added.)

The plain language of the rule provides that it is the court in the district where the first petition was filed that makes the determination on a 1014(b) motion.

Appellants argue that Rule 1014(a) rather than Rule 1014(b) should be the disposi-

tive rule. We cannot agree. Rule 1014(a) is the general rule dealing with motions to change venue of a case filed in the proper district "in the interests of justice or for the convenience of the parties" pursuant to 28 U.S.C. section 1412. The relevant rule is Rule 1014(b) which is entitled "Procedure When Petitions Involving the Same Debtor or Related Debtors Are Filed In Different Courts" and specifically is applicable to "(2) a partnership and one or more of its general partners, or (4) a debtor and an affiliate" clearly the situation before us, i.e. the Nears and Reddington VIII are affiliates. We therefore conclude that the relevant rule governing the venue question before us is Rule 1014(b).

Appellants argue that if Rule 1014(a) does not apply then Rule 1014(b) requires that the motion for change of venue of their case should have been "filed in the district in which its first petition was filed" i.e. the Western District of Texas.

Appellees argue that 1014(b) applies, but that it should not be read literally, but rather should be interpreted to mean that the motion for change of venue should be filed in the district in which the first petition is pending. Appellees also argue that under the facts of this case that the most logical court to hear the motion is in Arizona.

It may well be that because of the passage of time and the necessity of the Nears to participate in their case in Arizona in order to protect their interests that the Arizona court is now the most knowledgeable court about this case. Indeed appellees argue that by their participation in this case pending their appeal, that the debtors have waived their right to have the venue motion heard by the Texas court. We hold that by protecting their rights in the Arizona court they have not waived their Rule 1014(b) rights. For the debtors to act otherwise by merely sitting by on their rights pending the appeal would have been suicidal.

If the Supreme Court had intended that the 1014(b) motion was to be filed in the court where the first petition was pending they would have promulgated the rule to provide for this result. For example, pursuant to Bankruptcy Rule 5005, proofs of claim, complaints, motions and other papers required to be filed shall be filed with the clerk in the district where the case under the Code is *pending*. Thus, the Panel cannot believe that the drafters of Rule 1014(b) chose filing of the first petition as the controlling event if they had intended for the district where the first petition is pending to be the controlling event; especially since it is clear in light of Rule 5005 that the drafters knew how to say the court where the petition was pending when that was the result intended.

It is serious error for a court to ignore the plain language of a rule for reasons which may appear expedient at the time but which may cause problems in the future. This rule provides for a "bright line" test for determining the proper court to hear the change of venue motion. The result should not vary upon the particular facts surrounding each case, leaving the parties uncertain where to file the motion. It may be that the Arizona court is in the best position to hear the motion as argued by appellees. It may also be that the New Mexico court is the most logical court to hear the motion, since it was the proper venue when filed because the Nears are residents and domiciliaries of New Mexico.

■ As the Ninth Circuit stated in *In re Shoreline Concrete Co. Inc.*, 831 F.2d 903 (9th Cir.1987), "a fundamental principle of equity jurisprudence is that 'equity follows the law.' *Hedges v. Dixon County*, 150 U.S. 182, 192, 14 S.Ct. 71, 74, 37 L.Ed. 1044 (1893). Courts of equity are bound to follow express statutory commands to the same extent as are courts of law. *Hedges*, 150 U.S. at 192, 14 S.Ct. at 74; *Badaracco v. C.I.R.*, 464 U.S. 386, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984) ('[c]ourts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement'); *Heppner v. Alyeska Pipeline Serv. Co.*, 665 F.2d 868, 872 (9th Cir. 1981) (in absence of drafting error, courts are powerless to avoid effects of plain language of statute). Bankruptcy Courts are no more entitled to ignore the law than are other courts of equity. *Kelleran*

*v. Andrijevic,* 825 F.2d 692 (2d Cir.1987); *In re Bell,* 700 F.2d 1053, 1057 (6th Cir. 1983); *In re Fidelity Mortgage Investors,* 690 F.2d 35, 40 (2d Cir.1982), cert denied sub nom. *Lifetime Communities Inc. v. Administrative Office of United States Courts,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983)." The issue is not which is the most knowledgeable or the most logical but its the court in the district where the first petition was filed. Any suggestions regarding changing Rule 1014(b) to provide that the proper court is in the district where the first case is pending should be made to the Supreme Court in their rulemaking capacity, not to this Panel. In the present case the first affiliated chapter 11, Reddington VIII, was filed in Texas on July 30, 1986. Therefore, the language of the rule dictates that the 1014(b) motion should have been filed in Texas.

Since the 1014(b) motion was improperly filed in the District of Arizona it is unnecessary for us to decide the sufficiency of the evidence to support the Arizona court's order changing venue of the Near's case. This matter is remanded with instructions that the motions for change of venue be transferred to the Western District of Texas.