**In re John W. SLENTZ, Debtor.**

No. 88–01451.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 15, 1988.

John Cole, II, Sarasota, Fla., for debtor, Florida.

Donna M. Weaver, Toledo, Ohio, for debtor, Ohio.

Lawrence S. Kleinfeld, St. Petersburg, Fla., Florida trustee.

Louis J. Yoppolo, Toledo, Ohio, for First Nat. Bank.

Kenneth C. Baker, Toledo, Ohio, for Wurl Tech Industries.

Richard J. Szczepaniak, Toledo, Ohio, for movant.

Mary Ann Whipple, Toledo, Ohio, for Great Southern.

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

## OPINION AND ORDER DETERMINING JURISDICTION AND VENUE AND ORDER FOR RELIEF

This matter came on to be heard upon motion of Yamaha Music Corporation for determination of jurisdiction of an involuntary petition filed against John W. Slentz, Debtor. Upon consideration of the record herein and the oral arguments of the parties, the court finds that Yamaha's motion is well taken and should be granted, that an order for relief should be entered against Debtor and that Debtor's voluntary case should be transferred to this court.

### FACTS

On June 23, 1988, an involuntary case was filed in this court against Debtor by petitioners, Yamaha Music Corporation, Toledo's Great Southern Shopping Center, First National Bank of Toledo and Wurl Tech Industries, Inc. A summons to Debtor issued that same date and was mailed to Debtor on June 27, 1988. See Certificate of Service (July 1, 1988). Debtor did not answer or otherwise respond to said petition.

On July 8, 1988, Debtor filed a voluntary petition under chapter 7 of title 11 in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division. See Suggestion of Bankruptcy (July 13, 1988). Yamaha, on October 17, 1988, filed the instant motion for determination of jurisdiction requesting an order determining that this court has jurisdiction to administer this case and an order for relief in the

pending involuntary case. On October 28, 1988, Debtor filed a notice of discharge of Debtor, attaching a copy of his discharge entered by the Florida Bankruptcy Court on October 13, 1988. On December 1, 1988 Debtor filed an objection to the instant motion stating that Yamaha's motion untimely requests change of venue. A hearing was held on Yamaha's motion on December 8, 1988. Counsel on behalf of Debtor, movant, Toledo's Great Southern Shopping Center and First National Bank of Toledo appeared before and presented argument to the court.

## DISCUSSION

Bankruptcy Rule 1014(b) provides:

If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor ... on motion filed in the district in which the first petition is filed and after hearing on notice to the petitioners and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the first petition is filed, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made.

▉ The facts are undisputed. The involuntary petition was filed in this court on June 23, 1988; Debtor's voluntary petition was filed in the Florida Bankruptcy Court on July 8, 1988. In accordance with Bankruptcy Rule 1014(b), this court, as the district in which the first petition was filed, may determine the district in which the case should proceed and the proceedings on the Florida petition shall be stayed.

Furthermore, the facts in *In Re Lamb*, 40 B.R. 689, 11 B.C.D. 1300, 10 C.B.C.2d 1298 (Bkrtcy.E.D.Tenn.1984), are analogous to those in the instant situation. In *Lamb*, three creditors filed an involuntary petition against Debtor. *Lamb* 40 B.R. at 690. One week later Debtor filed a voluntary petition in another district. *Id.* The trustee then moved under Rule 1014(b), in the bankruptcy court in which the involuntary petition was filed, for determination of the district in which the case should proceed. *Id.* The *Lamb* court, citing Rule 1014(b), stated that:

[t]he rule appears to say that this court will rule on venue because the involuntary petition was filed here ... before [Debtor] filed his voluntary petition in Kentucky.... The rule is also clear that proceedings in the voluntary case in Kentucky should have been stayed by the Kentucky court.

*Id.* See also *In Re Reddington Investments Ltd. Partnership—VIII*, 90 B.R. 429, 430 (9th Cir.B.A.P.1988) (the plain language of Rule 1014(b) provides that it is the court in the district where the first petition was filed that makes the determination on a 1014(b) motion); 8 *Collier on Bankruptcy* ¶ 1014.06 at 1014–12 (15th ed. 1988) (in order to avoid conflicting rulings on which district is the proper district, Bankruptcy Rule 1014(b) indicates that the district in which the first petition is filed shall resolve the conflict; additionally, the rule indicates that courts in other districts shall stay any proceedings on the petitions filed in those districts until the first district determines where the case should proceed). Although the *Lamb* court concluded that it was the proper court to determine which case should proceed, it did not decide which case should proceed as "there was no evidence introduced from which the court could determine the convenience of the parties and the interest of justice." *Lamb*, 40 B.R. at 693.

Another analogous factual situation is presented in *In Re Ryan*, 38 B.R. 917 (Bkrtcy N.D.Ill.1984). Like the instant situation, Debtor, in *Ryan*, filed a voluntary petition one week after an involuntary petition had been filed in a different district. *Id.* at 919. A motion to determine venue under 1014(b) was filed in the court in which the involuntary petition had been filed. The *Ryan* court stated that because the involuntary petition was filed in its court prior to Debtor's voluntary petition in another district, "[t]his court, therefore, is

the proper forum in which to determine the venue of Debtor's voluntary chapter 7 proceeding." *Id.* at 921. The court then ordered Debtor to cause his voluntary chapter 7 case to be transferred to its district and be consolidated with the pending involuntary case. *Id.* at 921.

This court in following the unambiguous language of Rule 1014(b) and in concurring with the *Lamb* and *Ryan* courts' analysis finds that it may properly determine which court may proceed and that the proceedings on Debtor's voluntary petition in Florida should be stayed. *See also* 8 *Collier on Bankruptcy* ¶ 1014.01 at 1014–3 (15th ed. 1988) (Rule 1014(b) authorizes the court in which the first petition is filed under the Code by or against a debtor to entertain a motion seeking a determination whether the case so commenced should continue or be transferred and consolidated or administered jointly with another case commenced by or against the same person in another court). This court may now determine the district in which Debtor's case should proceed "in the interest of justice or for the convenience of the parties." *Id.* at 1014–12. ♦ Unlike *Lamb*, the parties to the instant action presented argument concerning the interest of justice and the convenience of the parties.

■ Determination of the appropriate district requires consideration of the same factors necessary for resolution of a change of venue. 8 *Collier on Bankruptcy* at ¶ 1014.06 at 1014–12 (15th ed. 1988). Factors for this court's consideration in determining which case should proceed are:

1. proximity of creditors of every kind to the court;
2. proximity of Debtor to the court;
3. proximity to the court of witnesses necessary to administration of the estate;
4. location of the assets; and
5. economic and efficient administration of the estate.

*Matter of Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239, 1247 (5th Cir. 1979), *cert. denied* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980). *See also Kotlicky v. Belford,* 64 B.R. 679, 682 (N.D.Ill. 1986); *In Re Toxic Control Technologies,*

*Inc.,* 84 B.R. 140 (Bkrtcy.N.D.Ind.1988) (factors for the court's consideration (in addition to those previously enumerated) include: 1) intertwined relationships of the debtor; 2) local interest in having localized controversy decided at home); *In Re Thomasson,* 60 B.R. 629, 14 C.B.C.2d 1155 (Bkrtcy.M.D.Tenn.1986) (factors relevant to transfer of venue (in addition to those stated) include: 1) relative ease of access to sources of proof; 2) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining the attendance of willing witnesses; 3) enforceability of judgment; 4) relative advantages and obstacles to a fair trial; and 5) a state's interest in having local controversies decided within its borders (citations omitted)).

Considering these factors and reviewing Debtor's petition, the court notes that, in addition to the Internal Revenue Service, Debtor lists the states of Ohio and Michigan, as well as the city of Toledo, as creditors having priority. See Motion for Determination of Jurisdiction, Exhibit A, Schedule A–1 (hereinafter Exhibit A). Additionally, although Debtor's Schedules A–2 and A–3 lists creditors from several states, approximately one-half of these creditors are listed under addresses within this district. *Id.* at Schedules A–2 and A–3 (approximately 28 out of the 57 listed).

According to Debtor's counsel, and as reflected on Debtor's petition, Debtor resided within the Florida Bankruptcy Court's district within the 180 days preceding the filing of Debtor's petition. See Exhibit A. However, Debtor's counsel indicated that Debtor has maintained two residences, one in which he is now residing and one within this district. *See* Exhibit A, Statement of Financial Affairs for Debtor Not Engaged in Business and Schedule B. Attorney for movant indicated, at the hearing, that issues of preferential transfers existed as a result of judicial liens placed on Debtor's real estate. Again, upon review of Debtor's petition, it appears that Debtor is, or has been, involved in numerous lawsuits, all originating out of courts within this district. *See* Exhibit A.

Debtor, in his statement of property, lists two parcels of real estate, one in Florida, valued at $40,000 and one in this district, valued at $170,000. Exhibit A, Schedule B. Debtor also lists various items of personalty valued at $4,960 and a contingent claim as a result of a lawsuit pending in a state court, within this district, valued at $950,-000. Exhibit A, Schedule B-2.

A primary influence in determining venue is Debtor's principal asset. *In Re Toxic Control Technologies, Inc.*, 84 B.R. 140 (Bkrtcy.N.D.Ind.1988). That is,

in the interest of economical and efficient administration of this case, venue should remain close to the site of the debtor's principal asset. Matters concerning real property have always been of local concern and traditionally are decided at the sites of the property.

*Id.* at 144 (citations omitted). *See also In Re Ryan*, 38 B.R. 917 (Bkrtcy.N.D.Ill.1984) (venue is proper because Debtor's principal assets are in this district and because the pendancy of Title 11 proceedings affecting Debtor's 57 affiliate corporate entities is also in this district).

Review of Debtor's petition evidences that Debtor's primary asset, real estate, is within this district. Additionally, Debtor's counsel indicated that the Florida real estate was fully liened and without equity for the estate. Lastly, Debtor is the president and sole shareholder of a corporation currently being administered under chapter 7 of title 11 in this court. *See In Re Music, Music, Inc.* (Case No. 87-02244). Economic and efficient administration of this estate would result if this court retained this case.

■ Debtor's counsel urged this court to permit the continuation of Debtor's petition in Florida arguing that, in the interest of fairness, the instant motion was "untimely." The court finds that:

courts of equity are bound to follow express statutory commands to the same extent as are courts of law. Bankruptcy Courts are no more entitled to ignore the law than are other courts of equity.

*Reddington Investments*, 90 B.R. at 431 (citations omitted). Based upon Bankruptcy Rule 1014(b) and the cases applying this rule, the court finds that Yamaha's motion is well taken and should be granted.

■ At this juncture, the court notes that Debtor has received his discharge by the Florida Bankruptcy Court. *See supra* p. 448. Additionally, Debtor's counsel, at the December 8, 1988 hearing, indicated that Debtor's voluntary case was being liquidated. However, these actions may be stayed and/or vacated and as Chief Judge Alexander L. Paskay stated upon learning that his court was the second court in which a petition had been filed:

[b]ased on the foregoing, this court is satisfied that the entry of the Order for Relief might have been improper in light of the fact of the pendency of the Involuntary Chapter 7 in the Western District of Virginia.

*In Re First Federal Corporation*, 50 B.R. 415, 416 (Bkrtcy.M.D.Fla.1985). Judge Paskay then indicated that he would reconsider his finding that the court should not have entered the order for relief after the Virginia Bankruptcy Court had an opportunity to review the motion to transfer venue. *Id.* at 416-17.

■ Because this court finds that it is the proper forum for administration of Debtor's case, the court will enter an order for relief against Debtor as a result of Debtor's failure to timely controvert the involuntary petition. *See* 11 U.S.C. § 303(h). In light of the foregoing, it is therefore

ORDERED that Yamaha Music Corporation's motion for determination of jurisdiction be, and it hereby is, granted. It is further

ORDERED that an order for relief shall be entered in the involuntary case filed against John W. Slentz and that the United States Trustee appoint a trustee to serve as an interim trustee in this case. It is further

ORDERED that the Clerk of the United States Bankruptcy Court, Middle District of Florida, Tampa Division, transfer Debtor's voluntary chapter 7 case now pending before the United States Bankruptcy Court for the Middle District of Florida, Tampa

Division captioned *In Re John W. Slentz,* Case No. 88–3841–8B7, to the United States Bankruptcy Court, Northern District of Ohio, Western Division. It is further

ORDERED that John W. Slentz's voluntary chapter 7 case pending in the Middle District of Florida, Tampa Division, be, and it hereby is, consolidated with the instant involuntary chapter 7 case now pending against Debtor.