In re BAGEL BROS. BAKERY
& DELI, INC., Debtor.

In re BAGEL BROTHERS
MAPLE, INC., Debtor.

Bankruptcy Nos. 98–11441 K, 98–11443 K.

United States Bankruptcy Court,
W.D. New York.

March 27, 1998.

William A. Savino, Damon & Morey, Buffalo, NY, for Debtors.

Dale Barney, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, Newark, NJ, for Manhattan Bagel Company, Inc.

Francis P. Weimer, Aaron, Dautch, Sternberg & Lawson, Buffalo, NY, Local Counsel for Manhattan Bagel Company.

ORDER DIRECTING THAT FEDERAL RULE OF BANKRUPTCY PROCEDURE 1014(b) WILL NOT STAY PROCEEDINGS IN THIS COURT UNTIL THE BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HAS HEARD THE RULE 1014(b) MATTER AND HAS ISSUED DIRECTIONS TO THE PARTIES

MICHAEL J. KAPLAN, Bankruptcy Judge.

Before the Court is the rarely-addressed and unsettled issue of whether the last sentence of Federal Rule of Bankruptcy Procedure 1014(b) constitutes an "automatic" stay of reorganization proceedings in the subsequently-filed bankruptcy case of an entity somehow related to the first-petitioning debtor.[1]

The full text of 1014(b) is as follows:

---

1. The following cases are among those that have touched upon the issue:

Coston v. Malvern (In re Coston), 987 F.2d 1096, 1098 (5th Cir.1992) (recognizing that "[o]nce the notice of stay was recognized by the court in [the second proceeding], that court's proceeding was on hold indefinitely until the stay was lifted and the [first] proceeding ... dismissed."); McKernan v. Shapiro, 192 B.R. 589 (D.Mass.1996) (creditor filed motion for stay and for extension of deadlines in second proceeding which motion was granted four days after court in first proceeding transferred second proceeding to venue of first proceeding); In re United Press Int'l, Inc., 134 B.R. 507, 510 (Bankr.S.D.N.Y.

1991) ("The filing of a F.R.Bankr.P. 1014(b) motion stays all proceedings in other districts unless otherwise ordered by the Court in which the first case is filed.") (emphasis added); In re Shapiro, 128 B.R. 328, 332 (Bankr.E.D.N.Y.1991) ("[A] formal motion would automatically stay the proceedings in the [second proceeding]") (emphasis added); In re Portjeff Development Corp., 118 B.R. 184, 187 (Bankr.E.D.N.Y.1990) (reciting debtor's attorney's position that Rule 1014(b) is not self-executing even after a motion for change of venue has been filed in first proceeding); Friedman v. Oliver (In re Oliver), 111 B.R. 540, 544 (Bankr.D.Md.1989) (commenting briefly that second proceeding was stayed until change of

**(b) PROCEDURE WHEN PETITIONS INVOLVING THE SAME DEBTOR OR RELATED DEBTORS ARE FILED IN DIFFERENT COURTS.** If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and affiliate, on motion filed in the district in which the petition filed first is pending and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. *Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the court in which they have been filed until the determination is made.*

Fed.R.Bankr.P. 1014 (1998) (emphasis added).

There are three related Chapter 11 cases pending here in the Western District of New York that have some yet-undefined relationship to earlier-filed Chapter 11 cases in the District of New Jersey. The cases pending here shall be referred to as the "Bagel Bros. cases" and those pending in New Jersey shall be referred to as the "MBC cases."

The Bagel Bros. cases have been actively pending before this Court for several weeks, and MBC's bankruptcy counsel from New Jersey has appeared here several times in connection with "doctrine of necessity" matters (*i.e.*, meeting the payroll), interim use of cash collateral, etc. It seems clear that MBC is at least a creditor of Bagel Bros., and a franchisor of Bagel Bros. Beyond that, the relationship seems to be very much in dispute, although at no time prior to yesterday, March 26, 1998, was this Court aware that MBC considered Bagel Bros. to be "affiliates" of MBC for purposes of Rule 1014(b).

Indeed, as of yesterday morning, this Court, in close cooperation with MBC's New Jersey counsel and Bagel Bros Buffalo-based counsel, had rescheduled other urgent cases to clear a total of four days of time this week and next to hear cash collateral disputes between these two parties and to hear Bagel Bros.' motion under 11 U.S.C. § 365, to reject the franchise agreements with MBC. As late as the afternoon of March 25, 1998, New Jersey counsel was in telephonic communication with my Confidential Law Clerk who was endeavoring to determine whether the cash collateral matters set to be heard yesterday had been successfully compromised, on an interim basis, until the § 365 matter could be heard and decided next week.

Not until an overnight mail package arrived in my chambers yesterday morning did this writer have any idea that New Jersey counsel intended that none of these matters be heard by this Court this week or next week. Apart from courtesy copies of documents filed in New Jersey, the only thing in the package was a letter to me from New Jersey counsel, as follows (in pertinent part):

On March 25, 1998, MBC filed a Notice of Motion to transfer venue of the Chapter 11 bankruptcy cases of Bagel Brothers Maple, Inc. ("Maple") and Bagel Brothers Deli & Bakery, Inc. ("Bakery") from the United States Bankruptcy Court for the Western District of New Jersey [sic], Buffalo vici-

venue motion could be decided in the first proceeding); *In re Consolidated Companies, et al,* 113 B.R. 269 (Bankr.N.D.Tex.1989) (failing to comment on exactly when the Rule 1014(b) stay takes effect); *In re Slentz,* 94 B.R. 446 (Bankr. N.D.Ohio 1988) (recognizing that second proceeding should be stayed but failing to state exactly when and how stay takes effect); *In re Maruki USA Co.,* 97 B.R. 166, 170 (Bankr. S.D.N.Y.1989) (commenting that "the first filed court may decline to stay other cases until the transfer motion is determined"); *In re First Federal Corp.,* 50 B.R. 415, 417 (Bankr.M.D.Fla.

1985) (conceding that entry of an order for relief in the second proceeding may have been improper in light of pendency of first proceeding even though venue motion had not yet been presented to first court); *In re Lamb,* 40 B.R. 689, 692–93 (Bankr.E.D.Tenn.1984) (recognizing that the second proceeding "could probably proceed to some extent without harm to the interests of the petitioning creditors in the [first case]"); *In re Houston,* 36 B.R. 224 (Bankr.S.D.N.Y.1983) (recognizing that second proceeding should be stayed but failing to state exactly when and how stay takes effect).

nage, to the United States Bankruptcy Court for the District of New Jersey, Trenton vicinage. Enclosed for your convenience are courtesy copies of MBC's Notice of Motion and supporting papers.

Bankruptcy Rule 1014(b) provides that until Judge Gindin has determined MBC's venue motion, Your Honor should stay the proceedings involving the Debtors before you, Maple and Bakery. MBC respectfully requests that all proceedings on the petitions of Maple and Bakery in Buffalo be stayed as of March 25, 1998, except to the extent otherwise ordered by Judge Gindin. Specifically, (i) the Final Hearing on the Debtors' Use of Cash Collateral and (ii) the Bagel Brothers Debtors' Motion to Reject the Franchise Agreements with MBC, currently scheduled for April 1, 1998, should be stayed until resolution of MBC's motion in New Jersey.

Please provide us with confirmation that all scheduled hearings in the referenced cases are postponed pending resolution of the venue motion before Judge Gindin.

Thank you for your time and attention to this matter.

*Letter to Judge Kaplan from Paul R. DeFilippo* (March 25, 1998).

This Court immediately conducted a conference call (off the record) with counsel on both sides to determine how to proceed with the matters that had been set for hearing yesterday afternoon and for all day today. I confirmed that Bagel Bros.' counsel was already scheduled to argue a 11 U.S.C. § 362(d) motion before the New Jersey Bankruptcy Court on Monday, March 30, which motion had been filed to be certain that that court agreed that Bagel Bros. could go forward on April 1 in this Court with its § 365 motion to avoid the franchise agreements.

With the expectation that the Rule 1014(b) issue also could be addressed by the New Jersey Bankruptcy Court on March 30, and in light of the fact that the matters set before me for yesterday and today could await a March 30 procedural ruling from the New Jersey Bankruptcy Court, I announced that although the March 26 and 27 matters must be called on the calendar and appearances noted (some of the matters had been the subject of notice to numerous other parties in interest, who were also not aware of MBC's actions), I would do nothing more than that and would continue the matters to April 1 for tracking purposes only, and defer to the New Jersey Bankruptcy Court's ruling. That was done.

The present Order speaks only to MBC's counsel's request, in the March 25 letter received March 26, that I "provide [counsel] with confirmation that all scheduled hearings in the referenced cases are postponed pending resolution of the venue motion by Judge Gindin."

It is hereby ORDERED, that although the March 26 and 27 matters have been postponed to April 1 for tracking only, this is not because the last sentence of Rule 1014(b) imposes an automatic or "self-executing" stay of these proceedings. Rather, I hold that a proper reading of Rule 1014(b), as discussed herein, does not permit a lawyer, by filing a Rule 1014(b) motion, to bring a Chapter 11 proceeding to a grinding halt without any judicial intervention. The proceedings scheduled here for April I (for tracking) are not stayed under Rule 1014(b) until Bagel Bros. has had the opportunity to be heard by Judge Gindin and until Judge Gindin directs the extent, if any, to which the parties may or must continue here. I have generally adjourned the April 1 matters for the convenience of counsel, and not on account of any stay.

Consequently, if any emergency matters should arise in the Bagel Bros. cases before Judge Gindin has issued such direction, they may be heard and decided by this Court.

## DISCUSSION

### A. The Plain Language

The plain language of Rule 1014(b) bespeaks this result. Under the first sentence of 1014(b), the matter before the New Jersey Bankruptcy Court is only the matter of venue, and that may be heard only "after hearing on notice to [Bagel Bros.]." Venue is the "determination" referenced in that sentence,

**4**

and venue is the "determination" that the proceedings in this Court must abide.

Were the stay an "automatic stay" invoked by the mere filing of the venue motion in New Jersey, and an emergency to arise in the Bagel Bros. case, the substantive rights of Bagel Bros. and its creditors under Chapter 11 of the Bankruptcy Code could be impaired. Under 28 U.S.C. § 2075 (as amended in 1978), no Bankruptcy Rule may "abridge, enlarge, or modify any substantive right." The drafters of Rule 1014(b) clearly were aware of this, and used language that obviously links the stay to what occurs before the New Jersey Court "after hearing on notice" to Bagel Bros. This is the only natural and lawful interpretation of the Rule.

### B. Policy

It is also the only interpretation of Rule 1014(b) that makes good sense in practical terms. To read the stay provision of Rule 1014(b) as requiring an automatic stay as soon as the Rule 1014(b) motion is filed would empower a lawyer, without judicial imprimatur, to suddenly end all hopes of reorganization (to put workers out of jobs and countless other unthinkable consequences) simply by filing the Rule 1014 motion in the remote court on the eve of any seminal hearing in the reorganization case. (Even if the judge who will hear the venue motion were to be available on an emergency basis, she could not be expected to get "up to speed" on a moment's notice, with regard to a complex case that has pended in a different court.)

The most draconian automatic stay provision in all of American law (to this writer's knowledge) happens to be that provided in 11 U .S.C. § 362(a). Yet even that provides numerous safeguards against such a result. For example:

—It clearly does not stay any court, only parties. Hence another court may act on its own in an emergency, and the bankruptcy court may later review such action and ratify or set it aside.

—Many exceptions to the stay are set forth in § 362(b).

—Under § 362 and 11 U.S.C. § 543, custodianships such as receiverships are not extinguished upon the bankruptcy filing; rather an orderly procedure is provided to deal with them.

—Similarly, 11 U.S.C. § 108 contains tolling provisions that are linked to the stay, in order to protect adverse parties.

In sum, good policy and good sense lie in interpreting the Rule 1014(b) stay so as to require that it be initiated by a judge, and not a lawyer.

### CONCLUSION

The exigencies of this matter do not permit further examination of the law supporting this decision. It is enough to say that neither the language nor policy of the Rule require that parties to the Bagel Bros. cases be left with no forum at all for the protection of their rights between now and the time that the New Jersey Bankruptcy Court has had the opportunity to hear the venue motion and the conflicting positions regarding the effect of the stay,[2] and has issued instructions.

To reiterate, until the Bankruptcy Court for the District of New Jersey commands the parties to the Bagel Bros. cases otherwise, Rule 1014(b) does not preclude their seeking to protect, in this Court, their substantive rights under the Bankruptcy Code and other applicable law.[3] When that other Court does so speak under Rule 1014(b), this Court will defer to that wisdom.

SO ORDERED.

---

2. Indeed, there might be question as to whether Bagel Bros is an "affiliate" under 11 U.S.C. § 101(2). If it is not, then it is clear that Rule 1014 does not apply at all.

3. To be clear, although there is no stay, there are also no matters currently scheduled before me in these cases, other than for tracking. I have postponed them for the convenience of counsel.