Bernard F. McKERNAN, Jr. and
Arthur Grodd, Appellants,

v.

Leo J. SHAPIRO, Appellee/Debtor.

Civil Action No. 93–40181–NMG.

United States District Court,
D. Massachusetts.

March 4, 1996.

Bart W. Heemskerk, Egan, Flanagan & Cohen, PC, Springfield, MA, for Appellants.

David M. Nickless, Nickless & Phillips, Fitchburg, MA, for Appellee/Debtor.

**MEMORANDUM AND ORDER**

GORTON, District Judge.

Appellants in the above-entitled matter, Bernard F. McKernan, Jr. and Arthur Grodd (hereinafter "Appellants"), are creditors of Leo J. Shapiro ("Shapiro"), the debtor in a Chapter 7 case before the United States Bankruptcy Court for the District of Massachusetts. Pending before this Court is an appeal of the order of judgment of the Bankruptcy Court entered August 23, 1993, determining that appellants' proof of claim was tardily filed. This Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a).

I. *Background*

On February 27, 1992, Shapiro filed a petition for bankruptcy, pursuant to Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Florida ("the Florida Bankruptcy Court"). The Florida Bankruptcy Court established July 21, 1992, as the so-called bar date for creditors to file proofs of claim ("the Florida bar date").

Because there was already pending in the United States Bankruptcy Court for the District of Massachusetts a Chapter 11 bankruptcy proceeding involving a partnership of which Shapiro was a general partner, the Federal Deposit Insurance Corporation ("FDIC") filed a motion in that Court to transfer Shapiro's Chapter 7 case to Massachusetts. Although the Massachusetts Bankruptcy Court initially denied the FDIC's motion, on May 15, 1992, it allowed the FDIC's motion for reconsideration and transferred the case to Massachusetts.[1]

On August 26, 1992, the Massachusetts Bankruptcy Court issued a "Notice of Commencement of Case Under Chapter 7 Of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates" on which it listed: "Date Filed (or Converted): July 21, 1992." That Notice also contained a provision in which

---

1. Pursuant to Bankruptcy Rule 1014(b), the FDIC had previously filed a Motion For Stay and for Extension of Deadlines with the Florida Bankruptcy Court. That motion was allowed by the Florida Court on May 19, 1992, four days after the order of the Massachusetts Court transferring the case to Massachusetts.

the Court, pursuant to Fed.R.Bankr.P. 2002(e), directed that:

> AT THIS TIME THERE APPEAR TO BE NO ASSETS AVAILABLE FROM WHICH PAYMENT MAY BE MADE TO UNSECURED CREDITORS. DO NOT FILE A PROOF OF CLAIM UNTIL YOU RECEIVE NOTICE TO DO SO.

On December 23, 1992, appellants filed a proof of claim, in the amount of $280,000, with the Massachusetts Bankruptcy Court. On January 8, 1993, pursuant to Fed. R.Bankr.P. 3002(c)(5), the Massachusetts Bankruptcy Court issued a notice to creditors that a dividend was available and established a bar date of March 18, 1993 ("the Massachusetts bar date") for creditors to file proofs of claim.

On June 18, 1993, the Bankruptcy Trustee (appellee in this appeal) filed an objection to numerous claims filed by purported creditors of Shapiro, including Appellants' claim, on the ground that the claims were tardily filed. The Massachusetts Bankruptcy Court held a hearing regarding the Trustee's objections on August 4, 1993, and sustained the Trustee's objections. On August 23, 1993, the Bankruptcy Court entered an order of judgment classifying Appellants' claim as "tardily filed" pursuant to 11 U.S.C. § 726(a)(2)(C). This appeal followed.

## II. *Analysis*

The issue confronting this Court is which bar date constitutes the filing deadline for Appellants' proof of claim, the Florida bar date (July 21, 1992) or the Massachusetts bar date (March 18, 1993). It is undisputed that the Appellants filed their proof of claim after the former date but before the latter date.

Appellants' argue that, when the Massachusetts Bankruptcy Court transferred the Chapter 7 case to Massachusetts, the Florida bar date was "rendered ineffectual." Appellants' Brief at 7. Specifically, Appellants contend that:

> [w]hen the Massachusetts [ ] Court became the court of record, its bar date of March 18, 1993 superseded the Florida deadline.... As a practical matter, although the case was ordered transferred to Mas-

sachusetts on May 15, 1992, a proof of claim could not have been filed in Massachusetts until July 21, 1992, the date of commencement under the first Massachusetts notice.

*Id.*

Appellants also argue that the Massachusetts Bankruptcy Court is authorized to extend (and, in fact, did extend) the deadline for filing proofs of claim. In support of their proposition, Appellants rely upon Bankruptcy Rule 3002(c)(5), which provides that:

> [if] notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

In the case at bar, Appellants reason that the Notice of Commencement of the Massachusetts case advised, pursuant to Rule 2002(e), that insufficient assets were available and instructed creditors not to file claims. As noted above, that Notice was issued by the Massachusetts Bankruptcy Court on August 26, 1992, but stated on its face that the "Date Filed" was July 21, 1992, coincidentally, the Florida bar date. Later, pursuant to Rule 3002(c)(5), the Trustee notified the Massachusetts Bankruptcy Court of a possible dividend, which, in turn, led the Clerk to issue a notice requiring the submission of proofs of claims on or before March 18, 1993. Appellants conclude that:

> even if the Florida deadline retained significance after the transfer to Massachusetts, the Massachusetts Court extended the date beyond ninety days of the creditors meeting, exactly as it was so authorized under [Rule] 3002(c)(5). The appellants' proof of claim was filed before the extended date, and, thus, was not tardily filed.

Appellants' Brief at 8.

Appellee responds that because the transfer of venue occurred after the Florida bar date and there was no order specifically extending that bar date, it necessarily follows that appellants' claim was tardily filed. In-

deed, in *In re F.D. Roberts Securities, Inc.*, 115 B.R. 485 (Bankr.D.N.J.1990), the Bankruptcy Court observed that:

> The time for filing claims fixed by rule 3002(c) constitutes a statute of limitations barring late filings. Courts have uniformly held that no extension of time fixed by Rule 3002(c) may be granted *after the time has passed.* The Court has no equitable power to extend the time fixed by Rule 3002(c).

*Id.* (internal citations omitted; emphasis supplied).

Appellants vigorously disagree with the Trustee's assertion that "the case was transferred to the [Massachusetts Bankruptcy Court] on August 26, 1992," and hence that the transfer occurred after the Florida bar date had lapsed. Rather, appellants contend that "the case was ordered transferred on May 15, 1992, and, as is evident from the Notice of Commencement of the Massachusetts case, it was filed in Massachusetts on July 21, 1992." Reply Brief at 2.[2]

### III. *Conclusion*

■ Based upon the foregoing analysis, this Court concludes that it is necessary to ascertain the precise date on which the Debtor's Chapter 7 case was commenced in the Massachusetts Bankruptcy Court. In considering the options available to it, this Court relies upon Bankruptcy Rule 8013, which provides that:

> On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree *or* remand with instructions for further proceedings....

Fed.R.Bankr.P. 8013 (emphasis supplied).

■ Mindful of the fact that "[i]t is error for a district court, when acting in the capacity of a court of appeals, to make its own factual findings," *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir.1995), and in order to determine whether appellants' claim was tardily filed, this Court **REMANDS** the case to the Bank-

ruptcy Court for a clarification of the following two issues:

1. Was the Chapter 7 Bankruptcy matter commenced in the Massachusetts Bankruptcy Court on July 21, 1992, before the Florida bar date elapsed, or in August, 1992, after the Florida bar date elapsed? (*See* Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Date," Bankruptcy Docket Entry # 16).

2. If the Bankruptcy matter was commenced in Massachusetts on July 21, 1992, was the Florida bar date extended by virtue of the Notice referred to in Question # 1?

---

2. Appellants' argument is weakened and this Court remains puzzled by the apparent contradiction between the Massachusetts Bankruptcy Court's August 26 Notice that the case was "Filed (or Converted)" on July 21, 1992 and

thereby, by implication, extending the Florida bar date for creditors and that Court's subsequent determination that Appellants' claim was untimely filed.